WILLIAM D. SHEA *v.* DONALD M. PACZOWSKI ET AL. (5125)

DUPONT, C. J., HULL and SPALLONE, Js.

Submitted on briefs April 27—decision released June 9, 1987

*James A. Armentano* filed a brief for the appellants (defendants).

*Kimberly A. Knox* and *Susan M. Cormier* filed a brief for the appellee (plaintiff).

SPALLONE, J. The defendants are appealing from the decision of the trial court setting aside the jury verdict as inadequate and ordering a new trial unless the defendants filed an additur with the court.

In this action to recover damages for personal injuries sustained in a motor vehicle accident, the jury returned a verdict for the plaintiff in the amount of $1640. The trial court, upon motion of the plaintiff, set aside the verdict as inadequate and ordered a new trial on the issue of damages only, unless the defendants filed with the court an additur in the amount of $7060. Although the trial court, in its memorandum of decision filed in response to the plaintiff's motion for additur, mentioned that a juror appeared to be asleep during the court's instructions on damages, the court took no action at that time and the plaintiff made no effort to disqualify the juror. We will not consider this factor as being pertinent to our analysis of the claims of error made in this case.

We hold that the trial court erred in setting aside the jury verdict. There is nothing in the record, exhibits and evidence to justify the court's conclusion that the verdict in this case so shocked the sense of justice as to compel the conclusion that the jury was influenced by partiality, prejudice, mistake or corruption. *Briggs* v. *Becker,* 101 Conn. 62, 66–67, 124 A. 826 (1924). The verdict should be "disturbed only by considerations of the most persuasive character, as where the verdict shocks the sense of justice or the mind is convinced that it is in fact entirely disproportionate to the injury. [Maltbie] Conn. App. Proc., p. 151." *Mulcahy* v. *Larson,* 130 Conn. 112, 114, 32 A.2d 161 (1943). The evidence offered at trial "must be given the most favorable construction to which it is reasonably entitled in sup-

port of the verdict . . . . " *Josephson* v. *Meyers,* 180 Conn. 302, 313, 429 A.2d 877 (1980). Only under the most compelling circumstances may the court set aside a jury verdict because to do so interferes with a litigant's constitutional right in appropriate cases to have issues of fact decided by a jury. *Bambus* v. *Bridgeport Gas Co.,* 148 Conn. 167, 169, 169 A.2d 265 (1961). The amount of damages to be awarded is a matter particularly within the province of the jury. *Fox* v. *Mason,* 189 Conn. 484, 489, 456 A.2d 1196 (1983); *Kiniry* v. *Danbury Hospital,* 183 Conn. 448, 461, 439 A.2d 408 (1981). The jury determines credibility and the effect to be given the testimony. *Gallo* v. *Gallo,* 184 Conn. 36, 38, 440 A.2d 782 (1981); *State* v. *Grant,* 177 Conn. 140, 142, 411 A.2d 917 (1979). It is the jury's right to consider evidence, draw logical deductions and make reasonable inferences from facts proven. *State* v. *Schoenbneelt,* 171 Conn. 119, 126, 368 A.2d 117 (1976); *Dacey* v. *Connecticut Bar Assn.,* 170 Conn. 520, 540, 368 A.2d 125 (1976). It may accept or reject the testimony of any witness; *Zarembski* v. *Three Lakes Park, Inc.,* 177 Conn. 603, 608, 419 A.2d 339 (1979); and determine the weight to be given the evidence. *Angelica* v. *Fernandes,* 174 Conn. 534, 535, 391 A.2d 167 (1978). This is true whether the testimony is that of laypersons or experts.

It is not necessary for us to recite with particularity the facts of this case except insofar as they assist our legal analysis. On the basis of the evidence, the jury could have found a permanent partial disability of 5 percent of the plaintiff's neck, or it could have found no permanent partial disability of the neck. The jury could have found that the plaintiff experienced pain for a minute, a week or a month, or the jury could have found that the plaintiff experienced no pain. The jury could have found that the plaintiff had prior continuing problems with his neck, or the jury could have found no such

problems. There is evidence to support any of the above alternatives depending upon the degree of credibility, weight, acceptance or rejection afforded the testimony by the jury. Nothing in the evidence can support the trial court's conclusion that the jury's award did not fall somewhere between the necessarily uncertain limits of just damages or that the verdict so shocked the sense of justice as to compel the conclusion that the jury was influenced by partiality, prejudice, mistake or corruption. *Zarrelli* v. *Barnum Festival Society, Inc.,* 6 Conn. App. 322, 327, 505 A.2d 25, cert. denied, 200 Conn. 801, 509 A.2d 516 (1986). The record in this case did not disclose, as it must to support the action of the trial court in ordering an additur, that any such partiality, prejudice, mistake or corruption was apparent. *Martino* v. *Palladino,* 143 Conn. 547, 549, 123 A.2d 872 (1956); see also *Lee* v. *Lee,* 171 Conn. 1, 3, 368 A.2d 11 (1976).

The plaintiff's reliance on *Zarrelli* is misplaced. That case involved a death and the valuation to be placed on a young human life. A death had in fact occurred and no jury reasonably could have found that the person involved had not died. In this case, there was no death or any lesser objectively ascertainable catastrophic injury. Furthermore, a parsimonious jury award is not inadequate as a matter of law. *Sepe* v. *Deemy,* 9 Conn. App. 524, 531, 520 A.2d 237 (1987). The action of the trial court in this case intruded upon and usurped the function of the jury.

There is error, the case is remanded with direction to vacate the order of the trial court setting aside the verdict and ordering a new trial unless the defendants filed an additur, and to reinstate the verdict of the jury and to render judgment in accordance therewith.

In this opinion the other judges concurred.