STANISLAW GERYK *v.* ATLANTIC RICHFIELD COMPANY ET AL.

EDMUND LULEWICZ *v.* THOMAS P. ROY ET AL.
(7003)

SPALLONE, O'CONNELL and NORCOTT, Js.

Argued June 20—decision released September 5, 1989

*Joseph B. Curran,* with whom was *Margaret Corrigan,* for the appellants (defendants).

*William F. Gallagher,* with whom, on the brief, were *Donald G. Walsh* and *Evelyn A. Barnum,* for the appellee (plaintiff Edmund Lulewicz).

O'CONNELL, J. This is the defendants' appeal, after a jury trial, in an action for personal injuries sustained in a motor vehicle collision.[1] The jury returned a $10,000 verdict in favor of the plaintiff Edmund Lulewicz. The trial court set aside that verdict as inadequate and ordered a new trial limited to the issue of damages unless the parties agreed to an additur of $193,000. The defendants declined to agree and appealed seeking to have the jury's verdict reinstated, or, in the alternative, a new trial on the issue of liability as well as damages. We find error.

The jury could reasonably have found that the plaintiff was a passenger in a car that was struck by a tractor trailer operated by the defendant Thomas P. Roy and owned by the defendant Atlantic Richfield Co.

It is rudimentary that litigants have a constitutional right to have issues of fact and damages determined by a jury. *Palomba* v. *Gray,* 208 Conn. 21, 25, 543 A.2d 1331 (1988); *Gold* v. *University of Bridgeport School of Law,* 19 Conn. App. 379, 380, 562 A.2d 470 (1989). As a result, a trial court should not set aside a jury's verdict unless it " ' "so shock[s] the sense of justice as to compel the conclusion that the jury was influenced by partiality, prejudice, mistake or corruption." *Shea* v. *Paczowski,* 11 Conn. App. 232, 233, 526 A.2d 558 (1987).' *Creem* v. *Cicero,* 12 Conn. App. 607, 610, 533 A.2d 235 (1987)." *Brennan* v. *Manlapaz,* 19 Conn. App. 71, 74, 560 A.2d 988 (1989). "The evidence offered at

---

[1] The two cases were consolidated at trial. Edmund Lulewicz is the sole plaintiff in this appeal.

trial 'must be given the most favorable construction to which it is reasonably entitled in support of the verdict . . . . ' " *Shea* v. *Paczowski,* supra, 233–34, quoting *Josephson* v. *Meyers,* 180 Conn. 302, 313, 429 A.2d 877 (1980).

Here, the defendants argue that the $10,000 jury award constituted just and reasonable compensation for the plaintiff's injuries and that it was error for the trial court to set it aside. By contrast, the plaintiff argues that the verdict was inadequate as a matter of law. In support of this argument, the plaintiff points to evidence of medical expenses totaling $10,693.38, plus an additional $5000 to $6000 if he elects to undergo future surgery. He also points to lost wages and to evidence of permanent partial disability.

It is fundamental that a jury may accept a portion of the evidence and reject the remainder of it. *Shea* v. *Paczowski,* supra, 234. Thus, the jury in the present case could reasonably have accepted or rejected the plaintiff's evidence of permanent partial disability because the 10 percent rating of his left wrist was the only rating based on limitation of motion. His other disability ratings were based on his subjective complaints of pain. Similarly, it could have accepted or rejected the severity of his pain and suffering as well as his claimed residual scarring. In addition, the jury could reasonably have concluded that the plaintiff did or did not establish a causal connection between certain injuries and the collision. Such injuries included a deviated septum, of which he did not complain until approximately nine months after the accident, and hearing problems and dizziness. The jury could also have accepted or rejected the plaintiff's claimed medical expenses and lost wages.

We note, moreover, that the trial court twice returned the jury to the deliberating room to recon-

sider the amount of its award. In response, during its last deliberation, the jury sent the court a note asking: "What if we still believe this award was a fair and just amount? Is there a certain guideline we should follow, such as a minimum or maximum amount?" Furthermore, it stated, "We do understand that in finding for the plaintiffs, we are to award 100 percent of what we consider a fair and just amount."

The trial court concluded, in its memorandum of decision, that the jury mistakenly applied the law when it rendered its verdict. From our review of the record, however, we disagree. There is no indication that the jury misapplied the law. To the contrary, we are satisfied that the verdict was carefully considered. In keeping with the premise that " '[t]he amount of damages to be awarded is a matter particularly within the province of the jury' "; *Brennan* v. *Manlapaz,* supra, quoting *Shea* v. *Paczowski,* supra; we conclude that the trial court erred in setting aside the jury's verdict as inadequate as a matter of law.

There is error, the order of the trial court setting aside the verdict and ordering a new trial unless the defendants filed an additur of $193,000 is set aside and the case is remanded with direction to reinstate the jury's verdict and to render judgment in accordance therewith.

In this opinion the other judges concurred.