[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE PLAINTIFFS' MOTION TO SET ASIDE VERDICT (166) PLAINTIFFS' MOTION FOR ADDITUR (167)
This action was returned to court on September 8, 1987. The complaint was grounded on an incident which occurred on October 30, 1985 in the evening, wherein the plaintiff slipped and nearly fell on the paved area of a gas station while preparing to refill the stations underground tanks. When the incident happened the plaintiff was engaged in his employment as a tank truck deliveryman for a petroleum wholesaler. CT Page 1155
Plaintiffs complaint asserted that his injuries and damages were caused by the negligence of the defendants. Defendants denied negligence and pleaded contributory negligence on the part of the plaintiff. Plaintiff's employer filed an intervening complaint seeking reimbursement for amounts it paid and has become obligated to pay under the Workmens' Compensation Act. The plaintiff Gale Ferro withdrew her claim for deprivation of consortium at the time of trial.
The jury received evidence from the plaintiff and the defendant. Defendant offered testimony from three additional witnesses including two orthopedic physicians. It also had available to it in evidence the written reports and bills from all of the medical care providers to the plaintiff.
The issues of liability, causation and damages were sharply contested. The jury found that both parties were negligent assessing plaintiff's contribution at forty (40%) percent. Evidence on the issue of liability was certainly sufficient for this finding if the jury accepted as credible the testimony of the defendant Meyers as to the conditions of the premises on the occasion of the incident. The evidence relating to the injury and the disability resulting therefrom, both temporary and permanent, was also contradictory. Plaintiff offered reports from two orthopedists who opinioned that he suffered a ten percent permanent disability while defendant produced two physicians who testified that any disability was either zero or five percent. Plaintiff also submitted a claim for loss of earning capacity which was severely challenged by the defendant on cross examination and by eye witness testimony. Here again the jury had a reasonable basis for crediting the defendants position.
Defendants counsel commented in closing argument that the deposition of one of plaintiff's physicians was read to the jury during the presentation of plaintiffs case and observed that when the judge charged on the credibility of expert witnesses he anticipated that the judge would advise the jurors that in the usual case they have had a right to view the witness and evaluate his personal testimony.
Plaintiff asked for a cautionary instruction based on P.A. 89-153. The court declined inasmuch as defendants comment did not request an adverse inference from the absence of the physician. The court in its instructions later did not offer the jury an opportunity to make an adverse inference from the use of a deposition.
Plaintiff's counsel also requested an adverse inference CT Page 1156 instruction based on the failure of the defendant to call several of his employees who had worked during the week preceding plaintiff's injury. The court declined the request after concluding that the plaintiff had not provided the court with satisfactory evidence of the availability of these potential witnesses.
Ultimately, the jury awarded the plaintiff nine thousand dollars damages reduced to $5,400.00 by virtue of its finding the plaintiff contributorily negligent in the amount of forty (40%) percent. The verdict is the province of the jury Shea v. Paczowski, 11 Conn. App. 232, 234 (1987). The assessment of damages is a task peculiarly within their expertise, Trumpold v. Besch, 19 Conn. App. 22, 31. In this case, the court can perceive no basis for concluding that the jury were influenced by partiality, prejudice, mistake or corruption. Nor does the verdict shock the court's sense of justice since just damages have necessarily flexible limits.
Accordingly, the court denies the Plaintiff's Motion to Set Aside the Verdict (166) and Plaintiff's Motion for Additur (167).
J Judgment may enter for the intervening plaintiff Atlas Oil Company in accordance with the provisions of Conn. Gen. Stat. sec. 31-293 for all sums remaining in the proceeds of this judgment after the deduction of reasonable and necessary expenditures, including attorney's fees incurred by the plaintiff John B. Ferro in effecting the recovery of this judgment.
DONALD T. DORSEY JUDGE, SUPERIOR COURT