[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFENDANTS' MOTION TO SET ASIDE VERDICT (139)
In this case the jury found the issues for the plaintiff, and awarded her the sum of $45,000. damages. Defendants' motion asserts that the award was clearly excessive, was unsupported by and was against the weight of evidence and was manifestly unjust. Defendants ask the court to set aside the verdict or in the alternative order a remittitur of $35,000.
The plaintiff filed a complaint in this court on October 16, 1986. The complaint was predicated on the negligence operation of a vehicle, owned by the City and operated by the defendant John Nyack, an employee of the City acting within the scope of his employment. The collision which activated this lawsuit occurred on November 4, 1985, the verdict was rendered on April 24, 1991.
Plaintiff offered evidence of medical expense of $2,032.88 and loss of earnings of $900.00. She also testified that although she terminated her medical treatment on June 10, 1986 she was unable to work full time since the date of the accident and suffered pain and disability on an intermittent basis continuously since the date of the collision.
In reviewing a motion to set aside a verdict claimed to be excessive and manifestly unjust the court must give the evidence supporting the verdict a construction favoring the support of the verdict. Josephson v. Meyers, 180 Conn. 302, 313 (1980). It is only in the most compelling circumstances that the court may set aside a verdict because to do so interferes with the litigants constitutional right to have issues of fact decided by a jury. Bambus v. Bridgeport, Gas Co., 148 Conn. 167, 169 (1961). Shea v. Paczowski, 11 Conn. App. 232, 234. In this case the court charged the jury that the defendant operator was chargeable with negligence as a matter of law. The jury decided the fact issues of causation and damages. Damages are a matter particularly within the province of the jury. The jury observed the plaintiff, CT Page 5616 evaluated her direct testimony and her testimony on cross examination. They credited her subjective complaints which she testified persisted over 65 months and apparently inferred they would continue for some time into the future.
"The only practical test to apply to a Verdict [claimed to be excessive] is whether the award of damages falls somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case or so shocks the sense of justice as to compel the conclusion that the jury was influenced by partiality prejudice, mistake or corruption, Wochek v. Foley,193 Conn. 582, 586 (1984).
There is no claim that the jury was influenced by partiality, prejudice or corruption. No doubt a less sizable award could have been supported by the evidence but at most the court concludes the jury exercised poor judgment. This alone does not justify the court exercising the discretion to set it aside. Jerz v. Humphrey, 160 Conn. 219, 226 (1971).
Since the jury award in this case although generous does not shock the conscience it falls within the limits of just damages and accordingly the court will not set it aside or order a remittitur.
Defendants' Motion to Set Aside Verdict is therefore denied.
Donald T. Dorsey, Judge.