[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFENDANT'S MOTIONS TO SET ASIDE VERDICT (129). FOR REMITTITUR (130)
The jury rendered a plaintiff's verdict on April 11, 1991 awarding $39,150.00 in damages to the plaintiff. The Verdict was comprised of past economic damages $32,000
Past non economic damages 15,000
Future economic damages 5,200
 Future non economic damages ZERO ------- TOTAL: $52,200
The jury found the plaintiff to be contributorily negligent and diminished his damage award by 25%.
In its motion to set aside the verdict defendant claims the verdict is against the evidence, the court erred on rulings of evidence, the verdict was not based on actual evidence as to damages and the court erred in its charge to the jury. In its motion for Remittitur defendants asserts the damage award is excessive and based on error in computing actual losses under Tort Reform I.
From the evidence the jury could have found that the plaintiff was injured on April 13, 1987 when he was struck by a bulldozer as a result of the negligent operation of same by defendants employee who was operating the bulldozer during the course of his employment by defendant a landfill operation. CT Page 5614
The jury also had evidence to substantiate the injuries claimed by plaintiff in his complaint. These injuries were:
 a. fracture of the 10th rib b. multiple neck, chest and head contusions c. a cervical strain d. a lumbar sprain e. left wrist arm and and hand injuries f. an aggravation of a pre-existing cervical arthritis g. left brachial plexus injury.
The left brachial plexus and cervical radiculopathy injuries were permanent in nature. Plaintiff was seventy years of age at the time of the accident and worked as an independent contractor at defendant's landfill. As a consideration for his services he was given $50.00 weekly and salvage rights to the metal brought to the landfill. Plaintiff estimated that the salvage rights would amount to $7500.00 annually. The sum of the $50.00 weekly and the salvage rights amounted to approximately $10,000 annually. Plaintiff never returned to work after the accident and claimed at trial compensation for 4 years of past economic damages. Plaintiff also claimed approximately $2500.00 in medical expense up to the time of trial. This evidence if found credible by the jury was certainly sufficient to support the jury award for past economic damages.
Plaintiff also asserted a claim for future economic damages. Despite his age the plaintiff appeared to be a person of vigor and strength. He testified that he was born on a farm in the Ukraine and immigrated to the United States after World War II. He worked steadily since his arrival and intended to keep on working indefinitely but testified he was prevented from doing so by his shoulder injury. His life expectancy from life tables was 11.7 years. It was the jury's responsibility to evaluate this testimony and the credibility of its author.
The court must construe this evidence in the light most favorable to support the verdict, Josephson v. Meyers, 180 Conn. 302,313 (1980). It is only in the most compelling circumstances that the court may set aside a verdict because to do so interferes with the litigants constitutional right to have issues of fact decided by a jury. Bambus v. Bridgeport Gas Co., 148 Conn. 167,169 (1961); Shea v. Paczowski, 11 Conn. App. 232, 234. Damages are a matter particularly within the province of the jury. The court cannot find in this case that the jury was influenced by partiality, mistake, corruption or sympathy or that the verdict was excessive in the sense that it exceeded the flexible limits of fair and reasonable compensation. CT Page 5615
Accordingly defendant's motions 129 and 130 are denied.
Donald T. Dorsey, Judge