[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO SET ASIDE THE VERDICT
On June 28, 1991 the jury returned a defendant's verdict in the above entitled action. On July 2, 1991 the plaintiff filed a Motion to Set Aside Verdict on the basis that the verdict was against the evidence presented at the trial of the case. Oral argument on the motion was heard on July 12, 1991 and the parties thereafter submitted written briefs re: the motion.
The lawsuit arose out of an intersection accident at Route 83 and Pitkin Street in Vernon, Connecticut. The plaintiff claimed he was travelling north on Route 83 when the defendant, who was travelling south on Route 83 suddenly made a left turn at the intersection directly in front of the plaintiff and the subsequent collision occurred. Testimony indicated that the plaintiff was going about 35 m.p.h. and CT Page 5968 the defendant was going about 15 m.p.h. when the collision occurred. The defendant's right front fender struck the front of the plaintiff's vehicle in his lane of traffic.
Testimony further indicated that the defendant first saw the plaintiff's vehicle when it was only three feet away from her and the defendant never saw the defendant's vehicle before collision although there was a clear line of sight looking each way based on the photographs and testimony offered.
It is the plaintiff's claim that the action of the defendant in turning left into the path of the oncoming car of the plaintiff constituted negligence per se; that there was insufficient evidence to support a finding that the plaintiff's speed was unreasonable; and that the plaintiff's speed did not contribute to the collision which was entirely due to the negligence of the defendant.
The defendant claims that the "General Verdict Rule" is applicable since neither party requested that the Court submit interrogatories to the jury for the purpose of limiting or explaining the general verdict. The defendant further argues that since the General Verdict Rule mandates that reviewing courts assume that the jury found every issue in favor of the defendant and that the verdict can be supported either based on the defendant's denial of negligence or on the affirmative assertion of contributory negligence, the verdict reached by the jury must stand.
The basic principle which the Court must follow in passing upon this type of motion is that the trial court must view the evidence offered at trial "in the light most favorable to sustaining the verdict." Wochek v. Foley,193 Conn. 582, 587 (1984); Geryk v. Atlantic Richfield Co.,19 Conn. App. 585, 586, 587 (1989). A verdict will be disturbed when it is against the evidence, or its manifest injustice is so plain as to justify the belief that the fact finder was influenced or motivated out of a sense of prejudice, partiality, corruption, or ignorance. Malmberg v. Lopez,208 Conn. 675, 679-80.
In this case there were several disputed issues of fact concerning such matters as the speed of the parties' vehicles; the attention that each of the driver's were using in operating their vehicles; the claims of conditions of the accident as compared to the causes of the accident and the application of the doctrine of comparative negligence, all within the province and purview of the fact finder, i.e. the jury. CT Page 5969
As the defendant properly points out in her brief this Court cannot retry the case. "While the trial court's surprise at the result reached by the jury in the light of the evidence in the case. . .the jury were not compelled, in reason or in law, to render a plaintiff's verdict. In determining whether the jury's verdict is manifestly unjust the Court should not place on the scale its own factual counterweights." Jacobs v. Goodspeed, 180 Conn. 415, 418
(1980).
The motion is denied.
HON. HARRY N. JACKAWAY SUPERIOR COURT JUDGE