[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SET ASIDE VERDICT AND MOTION FOR REMITTITUR
In this case, the jury returned a general verdict in favor of the plaintiff, Patricia Adams, for $275,000.00 and in favor of the plaintiff, James Adams, for $70,000.00; each verdict being against the named defendant.
The defendant has filed a motion to set aside these verdicts because they were excessive; because they were contrary to the law that damages be fair, just and reasonable compensation to the plaintiffs; and because the verdicts are contrary to the evidence.
In addition, at the hearing on this motion, the defendant raised a claim of plain error for the court's failure to charge the jury in accordance with General Statutes Section 52-216b(b), although the defendant had submitted no request to charge on this section and had not excepted to the charge as given and had not made the claim part of her formal motion to set aside the verdict.
The defendant has also moved that the court enter a remittitur for some indefinite amount as to each verdict.
The standards for setting aside a verdict are clear. In passing upon the motion, the trial court must view the evidence offered at trial in the light most favorable to sustaining the verdict. Wochek v. Foley, 193 Conn. 582, 587, 477 A.2d 1015
(1984); Geryk v. Atlantic Richfield Co., 19 Conn. App. 585, CT Page 82 586-87, 563 A.2d 324 (1989).
A verdict will be disturbed when it is claimed to be against the evidence or it is plainly and manifestly unjust only when a belief is justified that the factfinder was influenced or motivated out of a sense of prejudice, partiality, corruption, or ignorance. Malmberg v. Lopez, 208 Conn. 675, 670-80,546 A.2d 264 (1988); Trumpold v. Besch, 19 Conn. App. 22, 31,561 A.2d 438 (1989).
In assessing the adequacy of a verdict, a court must determine whether the award made falls within permissible, and necessarily uncertain, limits of just damages, or whether its size so shocks the sense of justice as to compel the conclusion that it was the product of prejudice, partiality, corruption, or mistake. Mather v. Griffin Hospital, 207 Conn. 125, 139,540 A.2d 666 (1988).
A court should not disturb the assessment of damages, except in case of a verdict that is plainly exorbitant, or excessive, or inadequate. Wochek, supra, at 596. A mere doubt about the adequacy of the verdict or a conclusion that the jury exercised poor judgment is not sufficient basis for setting aside the verdict. See, Wochek, supra, at 587.
 I.
The defendant's claim that the verdicts were excessive is founded primarily on the infrequency of medical treatment and the limited amount of supervised physical therapy and manipulation for Mrs. Adams. In addition, the defendant points to a total of only $6,000.00 for medical and chiropractic bills and claimed loss of income of approximately $2,100.00. In addition, James Adams presented medical bills of approximately $400.00, lost no time from work and claimed no permanent injury.
On the other hand, the jury could well have perceived and found that Mrs. Adams was a professional nurse who recognized the limitations of treatment for the injuries which she sustained and who engaged in an almost daily regimen of at home physical therapy. She appeared to be a woman, proud of her achievements in her profession, who would not allow pain to interfere with her work. She was willing to endure stoically daily pain.
Although the plaintiff was born with a congenital cervical spinal fusion, the jury could have concluded that she had no limitation of movement or pain before the accident which was the subject of this action. The jury could have attributed, as did the experts who testified for the plaintiff, any pain, suffering CT Page 83 and permanent injury as proximately caused by the accident and none of it attributable to the pre-existing condition except to make the consequences more severe than if she had a normal spine.
She had, at the time of trial, a life expectancy of 34.4 years. The medical and chiropractic experts who testified on behalf of the plaintiff indicated a permanent disability of 20 to 25 percent of the entire body with the probability of further deterioration.
Mrs. Adams and members of her family also testified about the substantial changes the injury and consequent limitations had made in her social and home life.
The defense appears to believe that the jury should have used the special damages as the principal criteria and a multiplicand for arriving at an award for general damages and should have accepted the defendant's expert's opinion that physical complaints were attributable solely to degeneration of the pre-existing condition. The jury obviously accepted the opinions of the plaintiffs' experts.
Given the degree of permanent disability accepted by the jury, the life expectancy of the plaintiff Patricia Adams, the degree of pain being endured by her as well as the other hedonic losses, this court cannot say that the jury award of $275,000.00 to Patricia Adams was excessive.
In the case of James Adams, it might be concluded that the general verdict in his favor was based primarily on loss of consortium. The jury could have concluded that he is a professional police officer and educator who now has assumed the household functions formerly performed by his wife, including cleaning and cooking. The evidence indicated that, before the accident, the couple had enjoyed an active social, sports and sexual life and relationship. The defendant James Adams testified that their social and sexual relationship had substantially altered. Mrs. Adams and the couple's daughter also testified as to the deterioration in the pleasures of home life since the accident.
The defendant's principle objection seems to be that these witnesses did not express these changes in ample detail. The court, however, cannot say that the award to Mr. Adams of $70,000.00 for what may primarily have been loss of consortium was exorbitant so as to meet the criteria indicated above to warrant a setting aside of the verdict.
II. CT Page 84
The defendant complains that the jury deliberation barely exceeded one hour and that the jury could hardly have considered the exhibits and the evidence within that time, unless it was motivated and influenced by partiality, prejudice, mistake or corruption.
Although the defense spent some time trying to attribute the cause of the accident to non-negligent skidding on ice, the evidence of negligence and liability on the part of the defendant was so clear as to require little discussion. There was also the issue of an intervening accident, but there was no evidence that any injury was sustained by either plaintiff in that accident and no one attributed any physical sequela to that accident. The question of liability should have presented no difficulty to the jury.
The pertinent parts of each of the reports, records, bills and other documents entered as exhibits were read to the jury by counsel at the time of their introduction and the X-rays were explained with the use of a light box by the respective experts. The jury was therefore familiar with the contents of these exhibits before it entered upon deliberations.
The principal issue before the jury was the credit to be given to the experts. It is obvious that the jury accepted the opinions of the plaintiffs' experts and rejected the opinion of the defendant's expert.
 III.
The defendant points out that the plaintiffs had made an offer of judgment in the total amount of $60,000.00 and this should indicate that the jury award was excessive. The court is aware and knows that defense counsel was aware that this offer for judgment was made in light of the fact that the defendant's insurance policy limit was $60,000.00. Counsel for the plaintiffs made it clear to the court and defense counsel that the offer to settle for the policy limit was made with the expectation that the plaintiffs would proceed on an underinsured motorist claim, requiring that the plaintiffs first exhaust the defendant's policy limits. The plaintiffs never asserted that they perceived these amounts as fair, just and reasonable, but merely as a threshold which must be crossed before proceeding on an underinsured motorist claim.
The defendant failed to evaluate the seriousness of the case and the merits of the opinions of the plaintiffs' experts.
IV. CT Page 85
Plaintiffs' counsel did suggest to the jury in rebuttal the amounts of $104,000.00 and $300,000.00 for Mr. and Mrs. Adams respectively. These amounts were suggested in a sentence or two and without elaborate financial calculations. The jury did not slavishly follow these suggested amounts. The jury awarded Mr. Adams only $70,000.00 and Mrs. Adams only $275,000.00. As indicated above, the court does not find the award to Mrs. Adams to be unreasonable or excessive; the court does not find the award to Mr. Adams to meet the criteria which would mandate setting aside the verdict nor one that so shocks the sense of justice as to compel a remittitur.
 V.
The court did not charge the jury in accordance with General Statutes 52-216b(b). The defendant had submitted no request to charge that section and did not take an exception to the charge as given at the time of the trial. The defendant did not make this claim of plain error as part of her formal motion to set aside the verdict.
In light of the court's view that the awards were not, in Mrs. Adams case, unreasonable or, in Mr. Adams case, plainly exorbitant, the failure to charge on that section did not result in an unreliable verdict, did not affect the fundamental fairness of the verdict and did not cause the defendant to suffer any manifest injustice. State v. Hope, 26 Conn. App. 367, 373
(1992). In the court's opinion this failure to charge would not warrant setting aside the verdicts.
 VI.
The court therefore denies the defendant's motion to set aside the verdicts or to order a remittitur.
NIGRO, J.