[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO SET ASIDE VERDICT
The plaintiffs have moved to set aside the verdict of the jury rendered in favor of the defendants McCain Transport, Inc., Leonard Azzarello and Ryder Truck Rental, Inc. on August 7, 1992.
The plaintiffs failed to set forth the specific grounds upon which they relied in the Motion to Set Aside Verdict in contravention of Practice Book 320. At oral argument the plaintiffs articulated two grounds: 1) that court improperly allowed the introduction of evidence of other accidents at the time and place of the accident between the plaintiffs and defendants; and 2) that the verdict was not supported by the evidence.
The first ground refers to the introduction of police reports pertaining to other accidents which occurred on the icy bridge at the same time as the accident between the plaintiffs and the defendants. These reports were allowed into evidence with portions redacted after extensive argument in order to establish the icy condition of the bridge. See Morico v. Cox,134 Conn. 218, 224, 56 A.2d 522 (1947); Tait and LaPlante's Handbook of Connecticut Evidence, 2d Ed., 8.10.1.
In their second argument the plaintiffs claim that there was insufficient evidence to permit the jury to find that the defendant Leonard Azzarello was not negligent. In passing upon a motion to set aside a verdict, a trial court must view the evidence offered at trial in the light most favorable to sustaining the verdict. Wochek v. Foley,193 Conn. 582, 587, 477 A.2d 1015 (1984), Geryk v. Atlantic Richfield Co., 19 Conn. App. 585, 586-87, 563 A.2d 324 (1989).
In this case there was evidence submitted that there was no precipitation, that Interstate 91 on which the defendant CT Page 8962 Azzarello was driving a tractor-trailer was not slippery until the point at which the accident occurred. At that point in the highway there was a bridge which was icy and slippery. When defendant Azzarello was two to three tenths of a mile away from the accident scene he observed many lights on the highway. Some appeared to be vehicle headlights and some appeared to be tail lights. He started to slow his truck in case he had to stop. As he approached the bridge he stayed in the center lane because there were vehicles stopped in the left lane and right lane. He had no notice that the bridge was icy. When the truck hit the ice, the defendant was concerned about keeping the truck on a straight course so it would not jack-knife. He applied his brakes but could not control the truck on the ice and hit the vehicle in which the plaintiffs were passengers.
The defendant Azzarello testified that he had slowed his truck to 35-40 miles per hour prior to the accident, but did not slow it further because he was concerned that this would create a hazard for vehicles behind him on the highway on which the speed limit was 55 miles per hour.
Based on the foregoing the jury could reasonably have concluded that the defendant Azzarello acted as a reasonably prudent person when faced by the icy road conditions of which he had no prior notice.
For the foregoing reasons, the Motion to Set Aside the Verdict is denied.
BY THE COURT AURIGEMMA, JUDGE