[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant action is a suit on a policy of insurance under its provision relating to uninsured motorists. Protection under the contract was limited to $1,000,000.00 as per agreement of the CT Page 1071-U defendant insurer.[1]
The policy afforded protection to those persons insured thereunder when involved in an accident with a motor vehicle as to whose owner or operator no insurance was available.
In order to collect under such a policy provision the plaintiff must establish the existence of coverage protecting him for the proximate consequences of the negligent operation of a motor vehicle as to whose owner or operator no insurance existed.
The defendant insurer admitted the existence of coverage for the plaintiff's decedent, that the owner and operator of the other vehicle was uninsured and that the plaintiff's decedent's death was proximately caused by the negligence of the operator of the uninsured vehicle.
The instant collision was of the two car variety. The plaintiff's decedent was killed instantly.
The issue for determination by the trier of fact, the jury in this instance, was the amount of money representing fair, just and reasonable compensation for the decedent's loss of life CT Page 1071-V limited by the amount of coverage. The amount of coverage, an integral term of the policy, was specially pleaded by the defendant insurer.
The decedent, a 91 year old active widow, was in good health, lived alone and maintained her own home. She was described as looking 20 to 30 years younger than her stated age. There was testimony that Mrs. Hodge was a gracious, socially active person who liked to read and cook. She was described as a warm, affectionate person who liked cats. It was apparent that the decedent was truly an unusual person. No evidence was offered to contradict or compromise the foregoing.
The jury returned a verdict in favor of the plaintiff in the amount of $571,428.00.
The defendant filed a Motion to Set Aside the Verdict on the grounds (1) that it was excessive and (2) that the court erred in informing the jury of the limit of coverage set forth in the insurance contract. The defendant also filed a Motion for a Remittitur. CT Page 1071-W
The claim that the amount of a verdict is excessive raises a question of law and not of fact. Champagne v. Raybestos-Manhattan,Inc., 212 Conn. 509, 556; Samose v. Hammer-PasseroNorwalk Chiropractic Group P.C., 24 Conn. App. 99, 108.
Thus, the issue raised is not whether the court would have resolved the matter differently or whether the court feels the verdict is generous, but rather, whether the verdict falls within the necessarily uncertain limits of fair, just and reasonable compensation or whether it so shocks the conscience as to compel the conclusion that it was due to partiality, prejudice or mistake.
Litigants have a constitutional right to have factual issues resolved by the jury. This right is one obviously immovable limitationn [limitation] on the legal discretion of the court to set aside a verdict, since the constitutional right of trial by jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair-minded men passed upon by the jury and not by the court. The amount of a CT Page 1071-X damage award is a matter peculiarly within the province of the trier of fact, in this case, the jury. The size of the verdict alone does not determine whether it is excessive. The only practical test to apply to this verdict is whether the award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury was influenced by partiality, prejudice, mistake or corruption. In considering a motion to set aside the verdict, the court must determine whether the evidence, viewed in the light most favorable to the prevailing party, reasonably supports the jury's verdict. Maherv. Griffin Hospital, 207 Conn. 125, 138 et seq.
Because litigants have a constitutional right to have factual issues resolved by a jury the court should move cautiously in deciding to set aside a verdict. The court should be especially hesitant to set aside a jury's award of damages and should do so only under the most compelling circumstances. Fazio v. Brown,14 Conn. App. 289, 293; Shea v. Paczowski, 11 Conn. App. 232, 234;Sepe v. Deemy, 9 Conn. App. 524, 527.
The assessment of damages particularly in a death case defies CT Page 1071-Y any precise mathematical computation and therefore is a task peculiarly within the province of the trier of fact.
The plaintiff offered impressive evidence, upon which the jury under the rule of law pertaining to damages in a death case could have reached its conclusion.
While the verdict might perhaps be said to be generous, it did not rise to the level of "shocking" the court's sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption. Maher v. GriffinHospital, supra.
The amount of the verdict in question falls within the admittedly elastic limits of fair, just and reasonable compensation and passes muster under the applicable standard.
Limit of coverage is a critical factor in assessing the ultimate obligation of the defendant insurer as its obligation to make payment is limited by the amount of the uninsured motorist coverage. Covenant Ins. Co. v. Coon, 220 Conn. 30, 37, 38.
The court carefully explained to the jury the nature of the CT Page 1071-Z instant action namely that it was a suit on a contract of insurance issued by the defendant in which the insurer agreed to pay fair, just and reasonable compensation for a wrongful death proximately caused by the negligent operation of an uninsured vehicle subject to the limit of coverage contracted for which represented the limit of its liability by contract. The court further charged that the jury was to make a separate inquiry into the issue of compensation without regard to the limit of coverage except that any award could not exceed the limit of the defendant-insurer's liability assumed by contract.
This instruction was reiterated.
The tendency in these cases is to confuse the nature of cases such as the instant one which as indicated above is in contract with a negligence case against a third party tort-feasor.
The defendant has not demonstrated why a critical element in the insurance contract limiting its liability which was specially pleaded by it should be withheld from the jury or that it has been prejudiced by such information having been revealed. In fact CT Page 1071-AA the verdict was substantially less than the remaining limit of coverage.
The Motion To Set Aside The Verdict is denied.
The Motion for a Remittitur is denied.
Flanagan, J.