[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE VERDICT
The instant action had its origin in an automobile accident which occurred on August 21, 1989. The plaintiff was proceeding in an easterly direction on Bridgeport Avenue in Milford and when she reached the intersection of said highway and the entrance ramp to I-95 she brought her vehicle to a stop in compliance with an overhead traffic signal. While so stopped the plaintiff's vehicle was struck from behind by a vehicle owned by the defendant J.V. Electronics Co., Incorporated and operated by the defendant Thomas D. Sobalsky. Mr. Sobalsky admitted that he was intoxicated.
The complaint contained two counts. In the first count the plaintiff sought compensatory damages by reason of the negligent operation of a motor vehicle. In the second count the plaintiff sought double or treble damages by reason of the violation of §14-295 C.G.S.
The defendants take issue with the court allowing the plaintiff to amend her complaint. The amendment simply separated the complaint as originally drafted in one count into two counts to wit: a claim for compensatory damages and a claim for punitive damages under § 14-295 C.G.S. CT Page 9821
Whether to grant a request to amend is a matter within the sound discretion of the trial court. Falby v. Zarembski, 221 Conn. 14,24. In the present case the amendment simply separated the different types of claims for damages and could hardly have caused the defendants any surprise or prejudice.
The defendants admitted liability under the first count and the case proceeded as a Hearing in Damages as to it.
The defendants admitted that Mr. Sobalsky violated § 14-227a
C.G.S. (operating under the influence of alcohol) but denied he violated § 14-222 C.G.S. (reckless operation of a motor vehicle). Although the defendants denied the defendant vehicle was deliberately or with reckless disregard operated in violation of the aforementioned statutes, the jury concluded to the contrary as reflected in answers to Interrogatories.
There was convincing evidence in support of the imposition of liability under the higher standard of proof applicable to the second count. As stated liability under the first count was admitted.
There was evidence that as a result of the accident the plaintiff sustained a soft tissue injury involving the cervical spine, herniated discs at the C5-6 and C6-7 levels with cervical radiculitis and the prospect of traumatic arthritis. Permanent disability was estimated to be 10% of the cervical spine. The nature and extent of the injuries and the permanent implication thereof as well as causation were testified to by the defendants' own examiner. The plaintiff testified as to the ongoing nature of the results of the injuries (pain and limitations on her activities). Her life expectancy was 23.9.
The jury awarded the plaintiff $160,000.00 in compensatory damages ($10,000. — economic damages and $150,000. — non-economic damages). As a result of violating § 14-295 C.G.S. the jury doubled the compensatory damage with a resultant total verdict of $320,000.00.
Admittedly there were serious questions of credibility involved herein but these were decided by the jury in favor of the plaintiff.
Because litigants have a constitutional right to have factual issues resolved by a jury the court should move cautiously in CT Page 9822 deciding to set aside a verdict. The court should be especially hesitant to set aside a jury's award of damages and should do so only under the most compelling circumstances. Fazio v. Brown,14 Conn. App. 289, 293; Shea v. Paczowski, 11 Conn. App. 232, 234;Sepe v. Deemy, 9 Conn. App. 524, 527.
The assessment of damages in personal injury litigation defies any precise mathematical computation and therefore is a task peculiarly within the province of the trier of fact, in this case, the jury. Mather v. Griffin Hospital, 207 Conn. 125, 138; Fazio v.Brown, supra 293.
The size of the verdict although perhaps generous standing alone does not determine whether it is excessive.
The test is whether the award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption Mather v. Griffin Hospital, supra p. 139.Shegog v. Zabrecky, 36 Conn. App. 737, 752.
 "In passing upon a motion to set aside a verdict, the trial judge must do just what every juror ought to do in arriving at a verdict. The juror must use all his experience, his knowledge of human nature, his knowledge of human events, past and present, his knowledge of the motives which influence and control human action, and test the evidence in the case according to such knowledge and render his verdict accordingly. . . . The trial judge in considering the verdict must do the same . . . and if, in the exercise of all his knowledge from this source, he finds the verdict to be so clearly against the weight of the evidence in the case as to indicate that the jury did not correctly apply the law to the facts in evidence or were governed by ignorance, prejudice, corruption or partiality, then it is his duty to set aside that verdict."
Sepe v. Deemy, 9 Conn. App. 524, 531; also see Champagne v.Raybestos, Inc., 212 Conn. 509, 556, 557. CT Page 9823
The verdict in question falls within the admittedly elastic limits of fair, just and reasonable compensation. Mather v.Griffin Hospital, supra. 151. There was no evidence the jury were improperly motivated. The verdict passes muster under the applicable standard.
There were no exceptions to the charge.
Motions to Set Aside the Verdict are denied.
John C. Flanagan State Trial Referee