[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: PLAINTIFF'S MOTION TO SET ASIDE AND FOR ADDITUR
This case was tried to a jury and a verdict was rendered on September 19, 1997 in favor of the plaintiff. The jury found economic damages in the amount of $2,115.53, and an award of non-economic damages in the amount of $3,600.00. The court accepted the verdict on that date.
The plaintiff has moved to set aside the verdict and for additur claiming that said verdict was contrary to law, contrary to the evidence and that the damages awarded were inadequate. CT Page 10704
It is well settled that litigants in matters such as the case at bar have a constitutional right to have issues of fact decided by a jury. See Bambus v. Bridgeport Gas Company, 148 Conn. 167,169 (1961); Barbieri v. Taylor, 37 Conn. Sup. 1 (1980). Only under the most compelling circumstances may the court set aside a jury verdict, because to do so interferes with a litigant's constitutional right in appropriate cases to have issues of fact decided by a jury. Shea v. Paczowski, 11 Conn. App. 232, 233
(1987). Assessment of damages is peculiarly within the province of the jury; Wochek v. Foley, 193 Conn. 582 (1984); and the amount of damage in any given case is dependent on the facts and circumstances of that case. Id. at 585. Since the assessment of damages cannot be determined by a mathematical formula,
 "[T]he only practical test to apply to a verdict is whether the award of damages falls somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case, or whether the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption." Wochek v. Foley, supra.
it is not necessary that all of the plaintiff's claimed special damages be awarded if, for example, the jury does not believe that all of the claimed medical bills were reasonable and necessary for the treatment of injuries allegedly suffered in the accident or if the jury does not believe that all of the plaintiff's claimed injuries were caused by the accident. SeeChilds v. Bainer, 235 Conn. 107 (1995); see also Creem v. Cicero,12 Conn. App. 607 (1937). In fact, it is the jury's right to consider evidence, draw logical deductions, and make reasonable inferences from facts proven. See Dacey v. Connecticut BarAssociation, 170 Conn. 520, 540 (1976); Shea v. Paczowski, supra at 233. The general rule is that the jury can accept or reject the testimony of any witness, even if it is uncontroverted, including expert witnesses. Shea v. Paczowski, supra, at 233;Nielson v. D'Angelo, 1 Conn. App. 239, 247 (1984).
While it is within the trial court's discretion to set aside a jury verdict, Tomszuk v. Alvarez, 184 Conn. 182 (1981), the court must move cautiously in determining whether it should interfere with jury decisions. Barbieri v. Taylor, supra at 316. Generally, the jury, as the trier of fact, is entitled to CT Page 10705 acceptance of its verdict unless as a matter of law, its conclusions were such that reasonable minds could not have reached them. Tomaszuk v. Alvarez, supra at 938. In determining whether a verdict should be set aside the evidence offered at trial must be reviewed in the light most favorable to sustaining the verdict. Wocheck v. Foley, supra. A mere doubt of the adequacy of the verdict, or a conclusion that the jury exercised poor judgment, are insufficient bases for such action. Id.
Rather, the verdict question must be shown to be manifestly unjust and palpably against the evidence. Fazio v. Brown,209 Conn. 450 (1988).
The plaintiff was awarded $2,115.59 in economic damages and $3,600.00 in non-economic damages. Although the plaintiff has claimed a permanent disability with ongoing headaches, pain in his neck, restriction in motion and activities as a result of the 15% permanent partial disability to the cervical spine, it had been the defendant's position through the trial that the plaintiff was exaggerating his complaints Dr. Rubin, the plaintiff's attending physician, admitted under cross-examination that his assessment of disability was in large part a function of the plaintiff's subjective complaints of pain. The doctor admitted that if in fact the plaintiff was not suffering the pain he alleged that his permanent partial disability could be as low as 5% of the neck. The plaintiff testified that he has a 5% permanent partial disability to the lower back from the previous accident which causes him little or no problem. When asked on cross-examination, Dr. Rubin stated that he would expect that the plaintiff would have headaches once or twice a week. The plaintiff testified that he has headaches everyday. Dr. Rubin estimated that it would cost the plaintiff $250.00 to $300.00 per year in the future for treatment of exacerbations of his condition. This cost would include two doctor's visits at $70.00 each for a total of $140.00 with the balance of $110.00 to $160.00 in prescription drugs. The doctor then testified that he has not seen the plaintiff in six months and does not have an appointment to see him in the future.
Based on the evidence presented by the plaintiff and his physician both on direct examination and cross examination, the jury could conclude that the plaintiff was overstating his symptoms and problems and find that the estimate for needed future medical treatment was grossly inflated given his history of visits and expenses. CT Page 10706
There is nothing about this verdict that shocks one's sense of justice in light of the evidence, nor can it be shown that the verdict is palpably against the evidence. This is not a case in which one could say that reasonable minds could not have reached the conclusions this jury reached. Moreover, there is no evidence in the record that the jury was motivated by partiality, prejudice, mistake or corruption in making it's decision.
Therefore, in light of the evidence, while the case was well tried by plaintiff's counsel, the verdict must stand and the plaintiff's Motions to Set Aside the Verdict and for Additur are denied.
HON. WALTER M. PICKETT, JR.State Judge Referee