[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE; PLAINTIFF'S MOTION TO SET ASIDE AND FOR ADDITUR
This case was tried to a jury and a verdict was rendered on September 30, 1997 in favor of the plaintiff. The jury found economic damages in the amount of $3,851.00 and no award of non-economic damages. The court accepted the verdict on that date.
The plaintiff has moved to set aside the verdict and for additur claiming that said verdict was contrary to law, contrary to the evidence and that the damages awarded were inadequate.
It is well settled that litigants in matters such as the case by a jury. See Bambus v. Bridgeport Gas Company, 148 Conn. 167,169 (1961); Barbieri v. Taylor, 37 Conn. Sup. 1 (1980). Only under the most compelling circumstances may the court set aside a jury verdict, because to do so interferes with a litigant's constitutional right in appropriate cases to have issues of fact decided by a jury. Shea v. Paczowski, 11 Conn. App. 232, 233
(1987). Assessment of damages is peculiarly within the province of the jury; Wochek v. Foley, 193 Conn. 582 (1984); and the amount of damage in any given case is dependent on the facts and circumstances of that case. Id. at 585. Since the assessment of damages cannot be determined by a mathematical formula,
 "[T]he only practical test to apply to a verdict is whether the award of damages falls somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case, or whether the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption."
Wochek v. Foley, supra.
It is not necessary that all of the plaintiff's claimed believe that all of the claimed injuries were caused by the accident. See Childs v. Bainer, 235 Conn. 107 (1995); see alsoCreem v. Cicero, 12 Conn. App. 607 (1937). In fact, it is the jury's right to consider evidence, draw logical deductions, and make reasonable inferences from facts proven. See Dacey v.Connecticut Bar Association, 170 Conn. 520, 540 (1976); Shea v.paczowski, supra at 233. The general rule is that the jury can accept or reject the testimony of any witness, even if it is uncontroverted, including expert witnesses. Shea v. Paczowski, supra, at 233; Nielson v. D'Angelo, 1 Conn. App. 239, 247 (1984). CT Page 13309
While it is within the trial court's discretion to set aside a jury verdict, Tomszuk v. Alvarez, 184 Conn. 182 (1981), the court must move cautiously in determining whether it should interfere with jury decisions. Barbieri v. Taylor, supra at 316. Generally, verdict unless as a matter of law, its conclusions were such that reasonable minds could not have reached them.Tomaszuk v. Alvarez, supra at 938. In determining whether a verdict should be set aside the evidence offered at trial must be reviewed in the light most favorable to sustaining the verdict.Wocheck v. Foley, supra. A mere doubt of the adequacy of the verdict, or a conclusion that the jury exercised poor judgment, are insufficient bases for such action. Id. Rather, the verdict question must be shown to be manifestly unjust and palpably against the evidence. Fazio v. Brown, 209 Conn. 450 (1988).
In this matter the jury after considering all of the evidence admitted for their considerations found for the plaintiff in the amount of $3,851.00 in economic damages. Although the plaintiff had claimed more than $4,100.00 in medical bills directly related to the accident, the plaintiff also introduced claims for lost wages, permanent injury and diminution of earning capacity. The jury had all of that information for its consideration. The defendant had taken the position throughout the trial that plaintiff was ascribing all of her relative aches and pains to the single accident and that she was exaggerating her complaints. The fact that the jury did not accept all of the claimed medicals is indicative that the jury did not accept the sum total of the plaintiff's claims.
There is nothing in this verdict that shocks the conscience. Nor can it be shown that the verdict is palpably against the evidence. Reasonable minds could have reached the conclusion the jury reached. There is no evidence whatever in the record that the jury was motivated by partiality, prejudice, mistake, or corruption in making its decision.
Therefore, the court must defer to the jury's decision. Accordingly, the Plaintiff's Motion to Set Aside the Verdict and For Additur is denied.
KOCAY, J. CT Page 13310