[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PLAINTIFF'S MOTION FORADDITUR AND TO SET ASIDE THE VERDICT
On January 27, 1998, a jury returned a verdict for plaintiff Helga Silverman in the amount of $3,000 — $1,700 in economic damages and $1,300 in non-economic damages. The plaintiff has now moved the court to order an additur or, in the alternative, to set aside the verdict on the grounds that the verdict was contrary to the evidence. Defendant objects to these motions. Both sides have filed memoranda supporting their arguments.
The motions are denied.
With respect to the motion to set aside, I am unaware of any basis to conclude that the verdict was contrary to the evidence. In passing upon a motion to set aside a verdict, a trial court must view the evidence offered at trial "in the light most favorable to sustaining the verdict." Wochek v. Foley, CT Page 3407193 Conn. 582, 587 (1984). The court should not disturb a verdict because of a mere doubt as to its adequacy, or a conclusion that the jury might have decided otherwise. Wochek, 193 Conn. at 587. I conclude that the jury could have reasonably decided as it did. The fact that the jury deliberation was not lengthy, in and of itself, does not persuade me that the jury failed to conscientiously do its job.
Plaintiff's arguments in support of the motion for additur are likewise not persuasive.
Courts rightly accord great deference to a jury's award of damages, whether the amount awarded is large or small. Childs v.Bainer, 235 Conn. 107, 116 (1995). The evidence offered at trial "`must be given the most favorable construction to which it is reasonably entitled in support of the verdict. . .'" Geryk v.Atlantic Richfield Co., 19 Conn. App. 585, 587 (1989) (quotingJosephson v. Meyers, 180 Conn. 302, 313 (1980). The amount of a damage award is a matter "peculiarly within the province of the trier of fact. . ." Mather v. Griffin Hospital, 207 Conn. 125,138 (1988). There is no support for the proposition, put forth by plaintiff, that a damages award must be identical in amount to a medical bill in the record. Nor does the jury's answer to the interrogatory compel the conclusion that the verdict was somehow flawed. The court must avoid the temptation to substitute its own judgment for that of the jury whether it believes the verdict to be high or low. As noted, even a conclusion that a jury exercised merely poor judgment, or ought have decided otherwise, is no basis for disturbing a jury's judgment. Birgel v. Heinetz,163 Conn. 23, 28 (1972). Moreover, a jury may choose to award a plaintiff less than the claimed special damages. Childs v. Bainer,235 Conn. 107, 119 (1995). See also Fox v. Mason, 189 Conn. 484, 488490 (1983).
In Childs v. Bainer, our Supreme Court stressed that while a court may disturb a verdict which does manifest injustice and is palpably against the evidence, it should not disturb a verdict if the jury could reasonably have decided as it did viewing the evidence in the light most favorably so as to uphold the challenged award of damages. Childs v. Bainer at 113. The court noted that in previously ruling on motions for additur, it has considered (1.) Whether the jury's verdict shocks the conscience; (2.) Whether the plaintiff, who has suffered substantial injuries, is awarded inadequate damages; and (3.) Whether the verdict is inherently ambiguous. Childs v. Bainer at 114-115. CT Page 3408
"The test is whether the award falls within the uncertain limits of just damages or whether it is so inadequate that it shocks the sense of justice and compels the conclusion that it was the product of partiality, prejudice, mistake or corruption."Childs v. Bainer at 115, citing Esaw v. Friedman, 217 Conn. 553,566 (1991).
While the plaintiff's disappointment at the amount of the verdict is not surprising, in light of the above principles, I am unable to conclude that the verdict shocks the conscience, that plaintiff was awarded inadequate damages, see Shea v. Paczowski,11 Conn. App. 232, 235 (1987), or that the verdict was inherently ambiguous. In my view, the jury's award of damages, concededly quite modest, "falls somewhere within the necessarily uncertain limits of fair and reasonable compensation" in this case given the fact that defendant vigorously contested plaintiff s claimed injuries. Wood v. Bridgeport, 216 Conn. 604, 611 (1990). It is the function of the jury, not the judge, to evaluate the testimony of each witness and award such damages as it sees fit, in light of the record, subject to the applicable principles of law. I conclude that the jury could fairly reach the verdict it reached in light of the full record, deciding to accept a portion of plaintiff's claims and reject other significant portions of her claims. Geryk v. Atlantic Richfield Co., 19 Conn. App. 585, 587
(1989). That was the jury's prerogative. Murteza v. State,7 Conn. App. 196, 210 (1986).
Douglas S. Lavine, Judge