Rockingham
No. 84-193

DANIEL BELANGER
BY HIS FATHER AND NEXT FRIEND,
ALBERT E. BELANGER

v.

GLORIA J. TEAGUE

February 15, 1985

*John R. Maher* and *Thomas C. Dwyer*, of Portsmouth (*Mr. Maher* on the brief, and *Mr. Dwyer* orally), for the plaintiff.

*Louis P. Faustini* and *Elizabeth Cazden*, of Manchester (*Mr. Faustini* and *Ms. Cazden* on the brief, and *Mr. Faustini* orally), for the defendant.

### MEMORANDUM OPINION

This appeal challenges an order of the Superior Court (*Gray*, J.) granting a motion for additur without extending the option of a new trial to the defendant.

Additur is customarily sought as alternative relief on a motion for a new trial on the ground of inadequate damages. Additur is "an order denying the plaintiff's application for a new trial on the condition that the defendant consent to an increase in the jury's award as specified by the trial judge. The option of accepting an *additur* rests with [the] defendant . . . ." *Bitting v. Willett*, 47 N.J. 6, 9, 218 A.2d 859, 861 (1966). *Accord Hoague v. Cota*, 140 Vt. 588, 591–92, 442 A.2d 1282, 1283 (1982); *Jehl v. Southern Pac. Co.*, 66 Cal. 2d 821, 827 n.1, 59 Cal. Rptr. 276, 279 n.1, 427 P.2d 988, 991 n.1 (1967); *see Reid v. Spadone Mach. Co.*, 119 N.H. 457, 466, 404 A.2d 1094, 1100 (1979); *cf. Wadsworth v. Russell*, 108 N.H. 1, 226 A.2d 492 (1967) (new trial not required where plaintiff agreed to a remittitur of excess judgment). Hence, a jury verdict supplemented with an additur may go to judgment only if the defendant waives a new trial.

Since defendant objects, there must be a new trial. Because comparative negligence was an issue and the jury apparently made no special findings, the case must be retried on liability as well as damages. Moreover, there is sufficient appearance of a compromise verdict to warrant a new trial on all issues.

*So ordered.*