MICHAEL FAZIO ET AL. *v.* CARRIE BROWN ET AL.
(5061)

DUPONT, C. J., BORDEN and O'CONNELL, Js.

Argued December 3, 1987—decision released May 3, 1988

*Gregory P. Lynch,* with whom, on the brief, was *Theodore R. Tyma,* for the appellants (defendants).

*Salvatore C. DePiano,* with whom was *Bryan Gentile* and, on the brief, *Edward F. Czepiga II,* for the appellees (plaintiffs).

DUPONT, C. J. The defendants appeal from the judgment of the trial court which set aside the jury's verdict for the named minor plaintiff as inadequate and ordered a new trial limited to the issue of damages, after the plaintiff refused to accept an additur. We find no error.

The plaintiffs, Michael Fazio, a minor, and his father, Vincent Fazio, brought suit against the defendants in two counts. In the first count, Michael Fazio sought to recover damages for personal injuries he sustained as a result of a collision between the motorcycle he was operating and an automobile operated by the named defendant.[1] The second count of the complaint sought past and future medical expenses incurred by Vincent Fazio on behalf of his son. The defendants denied being negligent and, by way of a special defense, alleged that the plaintiff was contributorily negligent.

The jury could reasonably have found the following facts. On January 28, 1980, the plaintiff, Michael Fazio, a fourteen-year-old high school student, was riding a motorcycle when he was struck by an automobile operated by the defendant. Fazio had been riding his motorcycle along a grassy area adjacent to the road, causing him to traverse the entrances to several driveways. The accident occurred as Brown was turning into the driveway of her residence. There was disputed testimony as to whether it was completely dark at the time the accident occurred. There was no dispute, however, that

---

[1] Kenneth L. Brown, the husband of the named defendant, is the owner of the automobile and was also named as a defendant.

at the time of the accident, Fazio was dressed in dark clothes, and that his motorcycle had neither headlights nor taillights.

As a result of the accident, Fazio suffered a severe injury to his left leg, which injury was diagnosed as an open comminuted fracture of the tibia. For approximately four years following the accident, he was required to wear a protective brace on his leg. During this time period, the wounds to his leg continually excreted fluids of a malodorous nature. As a result of the accident, Fazio's left leg is approximately one and one-quarter inches shorter than his right leg, resulting in a permanent limp. There was uncontroverted testimony that Fazio suffered a 65 percent permanent disability of his left leg, correlating to a 25 percent disability of his whole body.

The jury returned a verdict on the first count of the complaint in favor of the minor plaintiff in the amount of $15,570. The jury found the plaintiff Michael Fazio to be 30 percent contributorily negligent, and reduced the award to $10,899.

The named plaintiff subsequently filed a motion for additur and a motion to set aside the verdict. Ruling from the bench, the court stated that it found the award on the first count to be so inconsistent with the injuries suffered as to constitute "manifest injustice," and that the verdict shocked the conscience of the court. The court, accordingly, granted the motion for additur and increased the award to the named plaintiff on the first count to $136,000, resulting in a net verdict of $95,200 because Michael Fazio's contributory negligence equaled 30 percent. The court further ordered that if both parties did not accept the additur, the court would set aside the verdict on the first count as to

damages only and order a new trial on the issue of damages.[2]

The named plaintiff did not accept the additur and the court granted his motion to set aside the verdict as to the first count of the complaint.[3] A new trial was ordered solely on the issue of damages. The defendants claim that the trial court (1) abused its discretion in setting aside the jury verdict as inadequate, and (2) erred in ordering a new trial limited solely to the issue of damages.

"There are serious constitutional issues posed by setting aside a jury verdict. This is so because ' "[l]itigants have a constitutional right to have issues of fact decided by the jury." *Bambus* v. *Bridgeport Gas Co.*, 148 Conn. 167, 169, 169 A.2d 265 (1961). "The right to a jury trial is fundamental in our judicial system, and . . . the right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of a trial by jury includes the right to have issues of fact as to which there is room for reasonable difference of opinion among fair-minded men

[2] The trial court set aside the jury's verdict as to the first count of the plaintiffs' complaint. The trial court did not disturb the jury's verdict as to the second count of the complaint, which count is not at issue in this appeal. The jury returned a verdict on the second count in the amount of $29,000.

[3] General Statutes § 52-228b provides: "SETTING ASIDE OF VERDICT IN ACTION CLAIMING MONEY DAMAGES. No verdict in any civil action involving a claim for money damages may be set aside except on written motion by a party to the action, stating the reasons relied upon in its support, filed and heard after notice to the adverse party according to the rules of the court. No such verdict may be set aside solely on the ground that the damages are excessive unless the prevailing party has been given an opportunity to have the amount of the judgment decreased by so much thereof as the court deems excessive. No such verdict may be set aside solely on the ground that the damages are inadequate until the parties have first been given an opportunity to accept an addition to the verdict of such an amount as the court deems reasonable."

passed upon by the jury and not by the court." *Camp* v. *Booth,* 160 Conn. 10, 13, 273 A.2d 714 (1970); *Jacobs* v. *Goodspeed,* 180 Conn. 415, 429 A.2d 915 (1980); *Gosselin* v. *Perry,* 166 Conn. 152, 168, 348 A.2d 623 (1974).' " *Zarrelli* v. *Barnum Festival Society, Inc.,* 6 Conn. App. 322, 326, 505 A.2d 25, cert. denied, 200 Conn. 801, 509 A.2d 516 (1986), quoting *Barbieri* v. *Taylor,* 37 Conn. Sup.. 1, 2, 426 A.2d 314 (1980).

"A court should be especially hesitant to set aside a jury's award of damages . . . . The assessment of damages 'defies any precise mathematical computation'; *Floyd* v. *Fruit Industries, Inc.,* 144 Conn. 659, 675, 136 A.2d 918 (1957); and, therefore, establishing damages . . . is a task peculiarly within the expertise of a jury." *Zarrelli* v. *Barnum Festival Society, Inc.,* supra, 326.

"Once a trial court has acted to set aside a jury's verdict, however, its decision is entitled to great weight. *Hearl* v. *Waterbury YMCA,* 187 Conn. 1, 3, 444 A.2d 211 (1982). 'This is so because "[f]rom the vantage point of the trial bench, a presiding judge can sense the atmosphere of a trial and can apprehend far better than [an appellate court] can, on the printed record, what factors, if any, could have improperly influenced the jury." *Birgel* v. *Heintz,* 163 Conn. 23, 26, 301 A.2d 249 (1972).' *Zarrelli* v. *Barnum Festival Society, Inc.,* supra, 327. Accordingly, our function on appeal is to determine whether the trial court's decision to set aside the jury verdict constituted a ' "clear abuse of discretion." ' *Gerrety Co.* v. *Palmieri,* 11 Conn. App. 226, 230, 526 A.2d 555 (1987)." *Creem* v. *Cicero,* 12 Conn. App. 607, 610, 533 A.2d 234 (1987).

"The standard of review for an appellate court in a case like this was first stated in *Briggs* v. *Becker,* 101 Conn. 62, 66–67, 124 A. 826 (1924). '[T]he only practical test is whether the total damages awarded fall some-

where within the necessarily uncertain limits of fair and reasonable compensation in the particular case, or whether the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption.' It is important to note that *Briggs* and the cases that have followed, do not require a direct showing of partiality, prejudice, mistake or corruption, but rather stand for the proposition that if the amount awarded 'shocks the sense of justice' as to what is reasonable, then the inferred conclusion is that the jury was misguided in reaching its decision." (Footnote omitted.) *Zarrelli* v. *Barnum Festival Society, Inc.,* supra, 327–28.

We conclude that the trial court did not abuse it discretion in setting aside as inadequate the jury's verdict on the first count. The severity of the injuries suffered by Michael Fazio was not disputed and the severity was, in fact, admitted at trial several times by the defendants.

In this case, there was an "objectively ascertainable catastrophic injury"; *Shea* v. *Paczowski,* 11 Conn. App. 232, 235, 526 A.2d 558 (1987); admitted by the defendants and supported by uncontroverted evidence. Given the undisputed evidence as to the duration, extent and permanency of Michael Fazio's injuries, the trial court did not abuse its discretion in finding that the jury's verdict shocked the court's sense of justice and was entirely disproportionate to the injury. Id., 233; *Mulcahy* v. *Larson,* 130 Conn. 112, 114, 32 A.2d 161 (1943).

The defendants do not only claim that the verdict could not have shocked the court's sense of justice. They also urge this court to find that the action of the trial court in setting aside the jury verdict violated their constitutional right to have issues of fact decided by a jury. While we recognize, as we observed earlier, that "the

right [to a jury trial] is one obviously immovable limitation on the legal discretion of the court to set aside a verdict"; *Zarrelli* v. *Barnum Festival Society, Inc.,* supra, 326; it is not an absolute limitation. " '[I]t is the court's duty to set aside the verdict when it finds that "it does manifest injustice, and is . . . palpably against the evidence . . . . " *State* v. *Chin Lung,* 106 Conn. 701, 704, 139 A.2d 91 (1927).' " *Zarrelli* v. *Barnum Festival Society, Inc.,* supra, 327, quoting *Barbieri* v. *Taylor,* supra, 3. Here, the court did not improperly trespass on the province of the jury.

The defendants also claim that the trial court was without authority to order a new trial limited to the issue of damages. We disagree. Following a decision to set aside a verdict, "the trial court may restrict the new trial to a given issue or issues, and on appeal we may exercise a like discretion." *Murray* v. *Krenz,* 94 Conn. 503, 508, 109 A. 859 (1920). A new trial may be ordered on the issue of liability only without the necessity of a trial on the issue of damages. *Nash* v. *Hunt,* 166 Conn. 418, 431, 352 A.2d 773 (1974). A new trial may also be ordered on the issue of damages after a motion to set aside the verdict as inadequate should have been granted, if the original verdict has determined liability. *McNamee* v. *Woodbury Congregation of Jehovah's Witness,* 194 Conn. 645, 647, 484 A.2d 940 (1984); see *Leabo* v. *Leninski,* 9 Conn. App. 299, 302, 518 A.2d 667 (1986).

There is no error.

In this opinion the other judges concurred.