MICHAEL FAZIO ET AL. *v.* CARRIE BROWN ET AL.
(13434)

PETERS, C. J., HEALEY, SHEA, CALLAHAN and COVELLO, Js.

Argued November 2—decision released December 27, 1988

*Gregory P. Lynch,* with whom, on the brief, was *Theodore R. Tyma,* for the appellants (defendants).

*Salvatore C. DePiano,* with whom was *Edward F. Czepiga II,* for the appellees (plaintiffs).

CALLAHAN, J. This case is here as a result of our grant of certification from the Appellate Court. *Fazio v. Brown,* 14 Conn. App. 289, 540 A.2d 1065, cert. granted, 208 Conn. 808, 545 A.2d 1103 (1988). In its decision, the Appellate Court held that the trial court did not abuse its discretion by granting the named plaintiff's motion to set aside the jury verdict in this case as inadequate and that its action in doing so was not unconstitutional. The Appellate Court also determined that the trial court did not err by ordering a new trial limited solely to the issue of damages after the named plaintiff had refused to accept an additur.

As set forth in the Appellate Court opinion, this action arose as the result of a collision between a trail motorcycle operated by the named plaintiff, Michael Fazio, and an automobile driven by the named defendant, Carrie Brown.[1] The accident occurred in the early evening hours as Fazio, wearing dark clothing, and rid-

---

[1] Kenneth L. Brown, the husband of the named defendant, is the owner of the automobile and was also named as a defendant.

ing his motorcycle without lights, was crossing the defendants' driveway. Because of the accident, Michael Fazio suffered a severe injury to his left leg. The nature of the injury and the circumstances of the accident are fully described in the Appellate Court opinion. *Fazio* v. *Brown,* supra.

The plaintiffs thereafter brought suit against the defendants in two counts. Only the first count of the plaintiffs' complaint, in which Michael Fazio sought to recover damages in negligence for personal injuries caused by the accident, need be discussed in connection with this appeal.[2] The defendants denied being negligent and, by way of special defense, alleged that the named plaintiff was contributorily negligent. The plaintiffs denied the defendants' special defense.

The matter was tried to a jury which returned a verdict in favor of Michael Fazio in the amount of $15,570. Because the jury found Fazio to be 30 percent contributorily negligent, the net award for his injuries was reduced to $10,899. The plaintiffs requested the court to return the jury for further deliberations to reconsider the question of the adequacy of the verdict. The court refused, however, and it accepted the verdict and ordered it recorded.

The named plaintiff subsequently filed motions for an additur and to set aside the jury verdict. Ruling from the bench, the trial court stated that it found the jury award for Michael Fazio to be so inconsistent with the severe injuries that he had suffered that it constituted a "manifest injustice," and shocked the conscience of

---

[2] The coplaintiff Vincent Fazio, father of the then minor named plaintiff, incurred numerous medical bills on behalf of his son. His claim for past and future medical expenses comprised count two of the complaint.

the court. The trial court, therefore, granted the named plaintiff's motion for an additur and increased his award on the first count of the complaint to $136,000, resulting, because of his 30 percent contributory negligence, in a net verdict of $95,200. The trial court further ordered that, if both parties did not accept the additur, it would set aside the verdict on the first count of the complaint as to damages only and order a new trial limited solely to that issue. The named plaintiff refused to accept the additur whereupon the trial court granted his motion to set aside the verdict as to the first count of the complaint, pursuant to General Statutes § 52-228b.[3] The trial court then ordered a new trial limited to the issue of damages.

The defendants appealed to the Appellate Court from the judgment rendered on the named plaintiff's motion to set aside the verdict. In their appeal, the defendants first claimed that the trial court abused its discretion in granting the named plaintiff's motion to set aside the jury verdict as inadequate. The Appellate Court held that based on "the undisputed evidence as to the duration, extent and permanency of Michael Fazio's injuries, the trial court did not abuse its discretion in finding that the jury's verdict shocked the court's sense of justice and was entirely disproportionate to the injury." *Fazio* v. *Brown,* supra, 294. The Appellate Court also rejected the defendants' argument that the

---

[3] "[General Statutes] Sec. 52-228b. SETTING ASIDE OF VERDICT IN ACTION CLAIMING MONEY DAMAGES. No verdict in any civil action involving a claim for money damages may be set aside except on written motion by a party to the action, stating the reasons relied upon in its support, filed and heard after notice to the adverse party according to the rules of the court. No such verdict may be set aside solely on the ground that the damages are excessive unless the prevailing party has been given an opportunity to have the amount of the judgment decreased by so much thereof as the court deems excessive. No such verdict may be set aside solely on the ground that the damages are inadequate until the parties have first been given an opportunity to accept an addition to the verdict of such amount as the court deems reasonable."

action of the trial court in setting aside the jury verdict violated their constitutional right to have issues of fact decided by a jury. It stated that although the constitutional right to trial by jury places limitations on the legal discretion of the trial court when it seeks to set aside a verdict, this limitation is not absolute and " ' "it is the court's duty to set aside the verdict when it finds that 'it does manifest injustice, and is . . . palpably against the evidence. . . .' *State* v. *Chin Lung,* 106 Conn. 701, 704, 139 A.2d 91 (1927)." ' *Zarrelli* v. *Barnum Festival Society, Inc.,* [6 Conn. App. 322, 327, 505 A.2d 25, cert. denied, 200 Conn. 801, 509 A.2d 516 (1986)], quoting *Barbieri* v. *Taylor,* [37 Conn. Sup. 1, 3, 426 A.2d 314 (1980)]." *Fazio* v. *Brown,* supra, 295; see also *Malmberg* v. *Lopez,* 208 Conn. 675, 679–80, 546 A.2d 264 (1988).

We agree with the reasoning of, and the result reached by, the Appellate Court in holding that the trial court's action was not unconstitutional and that the trial court did not abuse its discretion when it set aside the verdict for the named plaintiff as inadequate. We disagree, however, with the Appellate Court's disposition of the defendants' remaining claim of error.

The defendants' remaining claim on appeal is that the trial court erred when it ordered a new trial limited solely to the issue of damages. Citing *Murray* v. *Krenz,* 94 Conn. 503, 508, 109 A. 859 (1920), the Appellate Court held that the trial court had the authority to limit a retrial to damages and that it did not err in doing so. Given the facts in this case, we conclude that the Appellate Court was incorrect when it affirmed the trial court's action in ordering a retrial to resolve only the issue of the named plaintiff's damages.[4]

---

[4] The defendants claim that based on the language of General Statutes § 52-228b the trial court does not have the power to restrict a retrial to a specific issue or issues. We need not address that argument as the facts in this case require the retrial of all the issues.

Although we stated in *Murray* v. *Krenz,* supra, 507, that a trial court may limit a retrial to a specific issue or issues, we clearly confined that grant of authority to situations "[w]here the error as to one issue or issues is separable from the general issues . . . [and] such . . . limitation does not work injustice to the other issues or the case as a whole." See also *Schuerholz* v. *Roach,* 58 F.2d 32, 33–34 (4th Cir. 1932); *Caterpillar Tractor Co.* v. *Beck,* 624 P.2d 790, 795 (Ala. 1981); *Gagliano* v. *Ditzler,* 437 Pa. 230, 232–33, 263 A.2d 319 (1970); *Ecksel* v. *Orleans Const. Co.,* 360 Pa. Super. 119, 126, 519 A.2d 1021 (1987); annot., 29 A.L.R.2d 1199; annot., 98 A.L.R. 941. We went on to state that "where the retrial of the single issue may affect other issues to the prejudice of either party, the court [can] not exercise its discretion in limiting the new trial but [rather should] grant it *de novo.*" *Murray* v. *Krenz,* supra, 508; *Wendland* v. *Ridgefield Construction Services, Inc.,* 190 Conn. 791, 796, 462 A.2d 1043 (1983); see also *Mickel* v. *New England Coal & Coke Co.,* 132 Conn. 671, 681, 47 A.2d 187 (1946); *Hawley* v. *Rivolta,* 131 Conn. 540, 543, 41 A.2d 104 (1945). The decision to retain the jury verdict on the issue of liability and order a rehearing to determine only the issue of damages "should never be made unless the court can *clearly* see that this is the way of doing justice in [a] case." (Emphasis added.) *Murray* v. *Krenz,* supra; *Hawley* v. *Rivolta,* supra; *Niles* v. *Evitts,* 16 Conn. App. 696, 699, 548 A.2d 1352 (1988); *Montanaro Bros. Builders, Inc.* v. *Snow,* 4 Conn. App. 46, 55, 492 A.2d 223 (1985). "As a rule the issues are interwoven, and may not be separated without injustice to one of the parties." *Murray* v. *Krenz,* supra; *Sparico* v. *Munzenmaier,* 134 Conn. 194, 197, 56 A.2d 165 (1947); *Niles* v. *Evitts,* supra. Therefore, "[a]n order restricting the issues [of a new trial] is the exception, not the rule." *Niles* v. *Evitts,* supra.

The facts in the instant matter do not present a case for an exception to the rule. Here the issues of damages and liability are so interwoven that, in fairness, a new trial is mandated as to both issues. In *Malmberg* v. *Lopez,* supra, we reversed a decision of the Appellate Court directing the trial court to set aside a jury verdict and grant a new trial limited solely to the issue of damages. *Malmberg* involved a wrongful death action in which the plaintiff obtained a jury verdict but was awarded zero damages. The trial court in that case had denied the plaintiff's motion to set aside the verdict because of its finding that the jury's verdict was, in reality, an improperly expressed defendant's verdict motivated by sympathy for the plaintiff. Based on the possibility that the jury's verdict reflected a misunderstanding as to liability, we ordered the Appellate Court to direct the trial court to retry both liability and damages stating that " '[w]here . . . liability is contested and an appellate court is unable to infer whether upon a new trial a jury would find in favor of the defendant or in favor of the plaintiff an appellate court must remand the case for a trial on all issues.' (Emphasis added.) [*Freshwater* v. *Booth,* 233 S.E.2d 312, 316 (W. Va. 1977)]." Id., 682.

Relying on *Malmberg* v. *Lopez,* supra, the Appellate Court recently held that, whenever there is ambiguity in the jury's verdict as to liability, justice requires that both liability and damages be retried. *Niles* v. *Evitts,* supra. In *Niles,* a case it decided after this case, the Appellate Court deemed it necessary to order a new trial on both liability and damages where the jury found the defendants to be negligent but found the plaintiff to be 30 percent contributorily negligent. The Appellate Court stated that "a liability verdict that by its very nature acts to reduce the amount of damages one side must pay means that the issues of liability and damages are 'inextricably interwoven.' *Murray* v. *Krenz,*

supra, 508." Id., 700.[5] The defendants' liability in the present case, as was the liability of the defendants in both *Malmberg* and *Niles,* is not clear-cut. Because the named plaintiff was found to be substantially contributorily negligent, the issues of damages and liability are "inextricably interwoven" and both issues must be retried in order to avoid an injustice to the defendants.

Our holding squares with the well founded belief that in cases such as the one at hand, the jury may have rendered a compromise verdict, that is, a verdict "where some of the jurors . . . conceded liability against their judgment, and some . . . reduced their estimate of the damages in order to secure an agreement of liability with their fellow jurors. . . ." *Murray* v. *Krenz,* supra, 508. When a compromise verdict exists, "a new trial confined to the single issues of damage will be a serious injustice to the defendant [as] [h]e has never had the issue of liability determined by the conscientious conviction of all of the jury; and that he is entitled to have." Id., 509; *McNamee* v. *Woodbury Congregation of Jehovah's Witnesses,* 194 Conn. 645, 647–48, 484 A.2d 940 (1984); see also *Belanger by Belanger* v. *Teague,* 126 N.H. 110, 111, 490 A.2d 772 (1985); *Kopec* v. *Kakowski,* 34 N.J. 243, 247–48, 168 A.2d 23 (1961); *Mina* v. *Boise Cascade Corporation,* 104

---

[5] The principle that a trial court should not limit a new trial solely to the issue of damages when liability is contested has been recognized by numerous other courts. See, e.g., *Saide* v. *Stanton,* 35 Ariz. 76, 659 P.2d 35 (1983); *Belanger by Belanger* v. *Teague,* 126 N.H. 110, 490 A.2d 772 (1985); *Burdzy* v. *Cooney,* 215 N.J. Super. 98, 521 A.2d 364 (1987); *Gagliano* v. *Ditzler,* 437 Pa. 230, 263 A.2d 319 (1970).

Compare *Peck* v. *Jacquemin,* 196 Conn. 53, 491 A.2d 1043 (1985) (new trial limited to damages where jury rendered an inadequate verdict for the plaintiff because it was improperly instructed to consider the plaintiff's settlement agreement with a former codefendant); *Smith* v. *Whittlesey,* 79 Conn. 189, 193–94, 63 A. 1085 (1906) (new trial limited solely to the issue of damages did not create an injustice to the defendant where jury was improperly instructed as to damages and the defendant was found to be 100 percent negligent).

Wash. 2d 696, 707–708, 710 P.2d 184 (1985); annot., 29 A.L.R.2d 1199, 1214–17; annot., 98 A.L.R. 941, 944–47.

Accordingly, although we agree with the Appellate Court that the trial court did not abuse its discretion in granting the named plaintiff's motion to set aside the jury's verdict as inadequate, we conclude that it erred in determining that the trial court properly ordered a new trial limited solely to the issue of damages.

The judgment of the Appellate Court is reversed and the case is remanded to that court to be remanded to the trial court with direction to afford the parties a new trial on all issues.

In this opinion the other justices concurred.