[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brought this action for damages for injuries sustained by him when the defendant's operator, while in the course of his employment, crossed over the center line and twice struck the plaintiff's vehicle. The collision occurred on February 23, 1987 on Route 17 (Main Street) in the Town of Glastonbury.
The jury found the issues for the plaintiff and awarded him damages in the amount of $866.00. The issue before the court is the plaintiff's motion to set aside the verdict on the grounds that it is inadequate and his motion for additur. The defendant filed an objection to the motion to set aside the verdict and a separate motion entitled "OBJECTION TO BILL OF COSTS" which puts at issue the reasonableness of taxing $1,500. as a fee for an CT Page 4770 expert witness who testified for less than one hour.
The plaintiff sustained cervical and lumbosacral sprain as a result of the collision and his motor vehicle was damaged on the front and rear left side. He is 55 years old and has a life expectancy of 21.6 years. Although he stayed home from work on two different occasions, the flexibility of his job hours as a technician enabled the plaintiff to make up for lost time and therefore, no lost wages were claimed. Nor did the plaintiff repair his damaged motor vehicle. Medical specials were approximately $1,700.00. The plaintiff's orthopedic surgeon testified that the duration of pain and discomfort in the cervical spine was a basis for the evaluation of 5% permanency of the cervical spine, taking into consideration the cervical spondylosis attributable to the aging process.
The constitutional ramifications of setting aside a jury verdict weigh heavily upon a court. The right to have the facts decided and damages, if any, determined in an amount set by the jury, is one of the foundations of our system of justice. See, Barbieri v. Taylor, 37 Conn. Sup. 1, 2 (1980); Fano v. Brown,209 Conn. 450, 454 (1988).
The constitutional limitation is not, however, absolute and, therefore, a verdict that is "palpably against the evidence" and manifestly unjust compels a court to act to set it aside. See, Barbieri v. Taylor, supra, at 3: Fano v. Brown, supra, at 454. In the instant case, where the issues were found for the plaintiff, the test which the court must apply "is whether the jury's award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption." Birgel v. Heintz, 163 Conn. 23 at 28 (1972) cited in Barbieri v. Taylor, supra., at 3.
The jury were instructed that, should they decide the issues of fact in the plaintiff's favor, only then could they go on to reasonable damages. When the facts as previously outlined are considered, the award of $866.00 by the jury for the plaintiff's pain and suffering, assuming they disregarded entirely the 5% permanency rating, seems capricious and, clearly, is inadequate as a matter of law. It is not a matter of whether the court would have reached a different verdict as to the amount of damages. The court is convinced that this verdict must have been based upon a misunderstanding of the law, including the elements of damage the jury were required to consider.
The verdict rendered by the jury shocks the conscience of the court and leads the court to the conclusion that the jury failed CT Page 4771 to follow its instructions as to the elements of damage which they were to consider. Moreover, the verdict rendered appears to be the result of bias and prejudice and is manifestly inadequate.
In concluding that the verdict is inadequate and, accordingly, should be set aside, the court is bound by the provisions of General Statutes 52-228b providing that the parties first be given an opportunity to accept an addition to the verdict in such amount as the court deems reasonable. That requires a fair appraisal of just damages resulting in an award "not . . . less than full damages which may be tolerated as being adequate if awarded by a jury . . . [which] . . . additur together with the verdict of the jury must represent fair, just and reasonable compensation. . . ." Barbieri v. Taylor, supra., at 6.
The court concludes, on the basis of all of the evidence introduced at trial, that the sum of $11,500. is fair, just and reasonable compensation to the plaintiff. Therefore, it is the opinion of the court that there should be an additur to the jury's award in the amount of $10,634.00.
It is therefore ordered that the verdict be set aside, unless within two weeks from the filing of this decision, the defendant shall file with the clerk an additur in the amount of $10,634.00. If such additur is so filed, judgment may enter upon such filing in the sum of $11,500.00, together with taxable costs. In considering taxable costs, the court finds the sum of $750.00 to be a reasonable fee to be paid pursuant to the provisions of General Statutes 52-260 (f). If the additur is not filed within the said two week period, the verdict is set aside and a new trial is ordered on the issue of damages only.
Leander C. Gray, Judge