[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue before this Court on remand from the Supreme Court is whether or not the jury award was excessive.
The damages claimed in this case were humiliation, loss of reputation, emotional distress and loss of earning capacity. Even though punitive damages has been pled, no evidence was offered which would have gone to punitive damages and none were charged.
In the matter of damages there was evidence before the jury as to the costs of the criminal litigation. There were no medical expenses claimed nor was there any evidence as to medical expenses offered.
On the claim of loss of earning capacity there was evidence before the jury from which the jury could find that the plaintiff intended to do some kind of part-time work after he retired. This evidence included the discussion with David CT Page 11201 Hanlon of DJR Associates, discussions with long-time friends James Fitzgerald and Eugene Peganetti, and the plaintiff's testimony that he intended to do some kind of part-time work to augment his retirement pension.
Evidence before the jury from which the jury could determine the value of that capacity was what the plaintiff earned as the Public Works Director of East Hartford. SeeChase v. Fitzgerald, 132 Conn. 461, 45 A.2d 789 (1960).
Testimony provided by David Hanlon as to the range of possibilities available to the plaintiff depending on what the plaintiff might want to do if he got a job offer, did not provide a basis for the jury putting a dollar amount on lost earning capacity from that source. Hanlon's testimony supported the proposition that the plaintiff intended to do some kind of work after he retired.
There was no evidence before the jury as to how long the plaintiff planned to work. There was evidence before the jury that the plaintiff was 62 years old when he retired in 1985 as Public Works Director and that he had not worked since.
The plaintiff argues the jury could have considered that he would have worked until age 70 and taking the figure of $48,000 a year, which he earned as Public Works Director, could have projected a figure of $360,000. This argument flies in the face of the plaintiff's testimony that he planned to work part-time to argument his pension income.
Where loss of earning capacity is claimed the evidence in support of the claim ". . . must be of such a nature as to remove the issue form the realm of speculation. (Citations omitted.) It is not necessary that the loss be established with exactness so long as the evidence affords a basis for a reasonable estimate by the jury. Mazzucco v. Krall Coal OilCo., supra." Delott v. Roraback, 179 Conn. 406, 411,426 A.2d 791 (1980). "The trial court has the inherent power to set aside a jury verdict which, in the Court's opinion, is either against the law or the evidence. Maltbie, Conn. App. Prac. § 181." O'Brien v. Seyer, 183 Conn. 199, 208, 439 A.2d 292
(1981).
This Court is persuaded that the evidence before the jury as to loss of earning capacity provided insufficient proof of CT Page 11202 that claimed loss as a matter of law. Because this Court has no way of determining how large or small a factor lost earning capacity was in the overall figure of $974,000 awarded, it is the decision of this Court that a hearing in damages be held. The damages issue is in this Court's opinion separable and a new trial limited to the damages issue will not work an injustice on any of the parties. ". . . a trial court may limit a retrial to a specific issue or issues . . . [w]here the error as to one issue or issues is separable from the general issues . . . [and] such . . . limitation does not work injustice to the other issues or the case as a whole." Fazio v. Brown,209 Conn. 450, 455, 551 A.2d 1227 (1988). The award is vacated and a new trial is ordered on the issue of damages only.
Mary R. Hennessey, Judge