[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED AUGUST 2, 1996
The plaintiff herein moves to set aside the verdict rendered by the jury in her favor and for an additur, said verdict having been rendered on June 13, 1996. The evidence disclosed that the plaintiff claims to have sustained injuries as a result of an automobile accident occurring on March 25, 1992 at the intersection of Rivercliff Drive and Bridgeport Avenue in Milford.
The single issue as to liability was whether the plaintiff or CT Page 5310 the defendant had the green light as both entered the intersection, the defendant approaching said intersection from the plaintiff's left. The jury resolved liability in favor of the plaintiff in accord with the testimony of three disinterested witnesses who were in vehicles stopped behind the plaintiff in response to a red light and observed the light turn green, following which the plaintiff started up into the intersection.
The plaintiff claimed injuries to her cervical and lumbar spines, including compression fractures of the lumbar spine, as well as profound psychological trauma resulting from an incorrect reading of an MRI examination of the lumbar spine which led to a diagnosis of metastatic cancer. Her medical specials totaled $20,472, most of which consisted of a complete work-up for metastatic disease including several repeat MRIs.
The jury awarded the plaintiff $805.59 economic and $200.00 non-economic damages, reducing said amount by 10% due to its finding of contributory negligence on the part of the plaintiff. Therefore, the net verdict was $902.33.
In determining whether to set aside a verdict as to damages, "the only practical test is whether the total damages awarded fall somewhere within the uncertain limits of fair and reasonable compensation . . . or whether the verdict so shocks the sense of justice as to compel the conclusion that the jury was influenced by partiality, prejudice, mistake or corruption." Briggs v.Becker, 101 Conn. 62, 66-67 (1924); Fazio v. Brown, 14 Conn. App. 289,293-94 (1988).
At first glance it would appear that based upon the claimed economic and non-economic damages, the jury's verdict was grossly inadequate. In fact, the jury initially returned a verdict of $802.59 in economic damages only. The court then refused to accept the verdict and recharged the jury as to damages, including its charge as to non-economic damages, resulting in an award of $200 for non-economic damages.
The evidence disclosed that the plaintiff had initially given her treating physician a history of experiencing back pain following the lifting of a sofa while doing housework some two weeks before the instant accident. The defendant maintained throughout the trial of the case and during argument that the compression fractures suffered by the plaintiff resulted from the CT Page 5311 sofa lifting and not the accident. Thus, the mechanism of injury was at issue in the case and the defendant's expert, Dr. Sumner's, opinion was that the lifting incident caused the compression fractures. Dr. Homza, on the other hand, opined that the accident caused the fractures.
Clearly, the testimony of the experts as to causation was not binding upon the jury. The jury was free to believe or disbelieve in whole or in part the testimony of each expert in accordance with the charge of the court on the issue of witness credibility. Therefore, the jury could have found that most if not all of the claimed economic damages were incurred by the plaintiff as a result of the lifting incident rather than the automobile accident and reached the same conclusion with respect to non-economic damages.
Although this court might have reached a different conclusion if it had been the trier, this court cannot substitute its own judgment for that of the jury. Therefore, it cannot conclude that the jury verdict "so shocks the sense of justice as to compel the conclusion that the jury verdict went beyond the limits of fair and reasonable compensation," particularly in view of the causation conflict.
Plaintiffs Motion to Set Aside the Verdict and for Additur is therefore denied.
SKOLNICK, J.