JOAN POLL STERN *v.* ALLIED VAN LINES, INC.

JOAN POLL STERN *v.* WARREN D. WALTERS
(SC 15805)

Berdon, Norcott, Katz, Palmer and Peters, Js.

Argued April 29—officially released August 11, 1998

*John B. Farley,* with whom were *Steven H. Malitz* and, on the brief, *James V. Somers* and *Kathleen A. St. Onge,* for the appellants (defendants).

*Michael F. Ewing,* for the appellee (plaintiff).

*Opinion*

NORCOTT, J. The issues in this appeal are whether a motion to open a judgment and set aside the verdict following the rejection of a court-ordered additur is an appealable final judgment, and whether pursuant to General Statutes § 52-228b,[1] a trial court may set aside

[1] General Statutes § 52-228b provides: "Setting aside of verdict in action claiming money damages. No verdict in any civil action involving a claim for money damages may be set aside except on written motion by a party to the action, stating the reasons relied upon in its support, filed and heard after notice to the adverse party according to the rules of the court. No such verdict may be set aside solely on the ground that the damages are excessive unless the prevailing party has been given an opportunity to have the amount of the judgment decreased by so much thereof as the court deems excessive. No such verdict may be set aside solely on the ground

the jury verdict and order a new trial after a plaintiff rejects a court-ordered additur. The defendants claim that the trial court improperly granted the plaintiff's motions to set aside the verdict and order a new trial after the plaintiff moved to reject the order of additur, because a plaintiff who is dissatisfied with a trial court's order of additur is limited to challenging that award by way of appeal. We disagree with the defendants' interpretation of § 52-228b and, accordingly, we affirm the judgment of the trial court.

The following facts are not in dispute. The plaintiff, Joan Poll Stern, brought these negligence actions against the defendants, Warren D. Walters, and his employer, Allied Van Lines, Inc., for injuries she had sustained arising out of a collision between her automobile and a tractor trailer operated by Walters and owned by Allied Van Lines, Inc.[2] After a jury trial, the jury found that the plaintiff was 50 percent contributorily negligent. The jury awarded the plaintiff economic damages in the amount of $31,084.08 but awarded her no noneconomic damages.[3] The plaintiff subsequently filed a motion for additur and alternatively to set aside the verdict claiming that because no noneconomic damages had been awarded, the award was inadequate as a matter of law. The trial court agreed that the jury's verdict was inadequate and ordered an additur of $10,000.[4] The

that the damages are inadequate until the parties have first been given an opportunity to accept an addition to the verdict of such amount as the court deems reasonable."

Although § 52-228b provides "an opportunity to accept an addition to the verdict," we infer that this language equally confers an opportunity to reject an addition to the verdict.

[2] The actions against the two defendants originally were brought separately, and then were consolidated. Hereafter, we refer to Walters and Allied Van Lines, Inc., collectively as the defendants.

[3] Because the jury found that the plaintiff was 50 percent contributorily negligent, the plaintiff's verdict was for $15,542.04.

[4] The trial court concluded that the plaintiff was entitled to $10,000 in noneconomic damages; therefore, because the jury found the plaintiff to be 50 percent contributorily negligent, she received an actual additur of $5000.

court instructed that "[i]f the defendants do not accept this additur to the verdict . . . the verdict will be set aside and a new trial ordered on all issues." The defendants accepted the additur to the jury's verdict and judgment was rendered accordingly.

The plaintiff then filed a motion rejecting the additur, and thereafter filed a motion to correct the trial court's decision. Relying on § 52-228b, which provides that "the parties" must be given an opportunity to reject the additur, the plaintiff requested that the court's decision be corrected to indicate "that the plaintiff, as well as the defendant[s], [have] the opportunity to accept or reject the [c]ourt's additur." The plaintiff then moved the trial court to open and set aside the judgment, and to order a new trial on all issues. The trial court granted the plaintiff's motions and ordered a new trial on all issues. On appeal,[5] the defendants claim that: (1) because General Statutes § 52-263 provides for appeals to be taken from a trial court's decision granting a motion to set aside a verdict, this court has jurisdiction to hear this appeal; and (2) General Statutes §§ 52-216a and 52-228a conflict with the plaintiff's interpretation of § 52-228b permitting a plaintiff who rejects a court-ordered additur to then move the trial court to set aside the verdict and receive a new trial.

I

We first address the defendants' claim that we have jurisdiction to hear this appeal. Specifically, the defendants argue that § 52-263[6] provides for an appeal of an

---

[5] The defendants appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023, now Practice Book (1998 Rev.) § 65-1, and General Statutes § 51-199 (c).

[6] General Statutes § 52-263 provides in relevant part: "Appeals from Superior Court. Exceptions. Upon the trial of all matters of fact in any cause or action in the Superior Court, whether to the court or jury, or before any judge thereof when the jurisdiction of any action or proceeding is vested in him, if either party is aggrieved by the decision of the court or judge

order to set aside the verdict and grant a new trial. The plaintiff contends that because the trial court's decision to set aside the verdict and order a new trial "will affect the further rights of the parties," it is not a final judgment from which an appeal can be taken. The plaintiff's claim is without merit.

" 'The right of appeal exists only by virtue of statutory authority.' " *In re Judicial Inquiry No. 85-01*, 221 Conn. 625, 633, 605 A.2d 545 (1992), citing *State* v. *Audet*, 170 Conn. 337, 342, 365 A.2d 1082 (1976). Generally, "appellate courts in this state do not have jurisdiction to entertain appeals not taken from final judgments. See General Statutes § 52-263; *State* v. *Curcio*, 191 Conn. 27, 30, 463 A.2d 566 (1983). The lack of a final judgment is a jurisdictional defect that mandates dismissal." *Connecticut National Bank* v. *Rytman*, 241 Conn. 24, 34, 694 A.2d 1246 (1997). A judgment is considered final "if the rights of the parties are concluded so that further proceedings cannot affect them . . . ." (Internal quotation marks omitted.) *Goodson* v. *State*, 228 Conn. 106, 112, 635 A.2d 285 (1993), on appeal after remand, 232 Conn. 175, 653 A.2d 177 (1995), quoting *Monroe* v. *Monroe*, 177 Conn. 173, 176, 413 A.2d 819, appeal dismissed, 444 U.S. 801, 100 S. Ct. 20, 62 L. Ed. 2d 14 (1979).

Although the plaintiff is correct that the present appeal does not constitute a final judgment under the traditional definition upon which she relies, this does not conclude our analysis. Section 52-263 explicitly grants an aggrieved party the right to "appeal . . . from the decision of the court granting a motion to set aside a verdict . . . ." The plain language of the statute expressly provides for the appeal of an order to set aside the verdict and grant a new trial. See *Robbins* v.

upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, he may appeal to the court having jurisdiction from the final judgment of the court or of such judge, or from the decision of the court granting a motion to set aside a verdict . . . ."

*Van Gilder*, 225 Conn. 238, 250–51, 622 A.2d 555 (1993) ("[T]he granting by the trial court of a motion to set aside a verdict and to grant a new trial *is* an appealable order. That decision, however, is *not* appealable because such an order is a 'final judgment' within the meaning of the principal appeal statute; General Statutes § 52-263; but because that statute specifically provides for an appeal from such an order as an alternative to the 'final judgment' basis of appeal." [Emphasis in original.]). The trial court's granting of the plaintiff's motion to set aside the verdict and grant a new trial is therefore appealable under § 52-263.

## II

We next address whether the trial court properly granted the plaintiff's motion to set aside the verdict and grant a new trial after she had rejected the additur. The defendants contend that the plaintiff is limited to challenging the order of additur exclusively on appeal. They construe § 52-228b to provide only defendants with the option to reject a court-ordered additur, and argue that §§ 52-216a and 52-228a, when read in conjunction with § 52-228b, compel the rejection of a contrary construction.[7] The plaintiff claims that because § 52-228b permits "the parties" to reject an order of additur, it cannot be read to prohibit a plaintiff from rejecting an order of additur. We agree with the plaintiff.[8]

---

[7] The defendants also cite as authority case law from other jurisdictions, whereby plaintiffs do not have the right to reject a court-ordered additur. They concede, however, that the statutory provisions underlying those cases are not identical to those in our statutes. In this instance, moreover, we find the purpose and meaning of § 52-228b to be clearly ascertainable through traditional methods of statutory interpretation.

[8] The plaintiff also claims that the defendants' interpretation of § 52-228b would violate her state constitutional right to a trial by jury. Because we conclude that § 52-228b permits the plaintiff to reject the additur, we need not reach her constitutional argument.

Our resolution of the issue is guided by well established principles of statutory construction. "The process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of this case, including the question of whether the language actually does apply. In seeking to determine that meaning, 'we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter.' " (Citation omitted.) *United Illuminating Co.* v. *New Haven*, 240 Conn. 422, 431, 692 A.2d 742 (1997).

We begin our analysis by examining the plain language of § 52-228b. Section 52-228b provides in relevant part that "[n]o . . . verdict may be set aside solely on the ground that the damages are inadequate until *the parties* have first been given an opportunity to accept an addition to the verdict of such amount as the court deems reasonable." (Emphasis added.) We previously examined the meaning of § 52-228b in *Santopietro* v. *New Haven*, 239 Conn. 207, 217–18, 682 A.2d 106 (1996),[9] in which we analyzed individually the import of each sentence of § 52-228b. "The second sentence, which applies to the more specific instance of a court's setting aside such a verdict on the ground of an excessive damages award, requires that *the prevailing party* first be given the opportunity to accept an amount that the court deems not to be excessive. Similarly, the third sentence, which applies to the specific instance of a

[9] *Santopietro* concerned the scope of appellate review of claims made pursuant to a § 52-228b motion to set aside the verdict. Although this is not the issue in the present case, our general analysis of the purpose of § 52-228b in *Santopietro* is instructive here.

court's setting aside such a verdict on the ground of inadequacy of the award, requires that *the parties* first be given the opportunity to accept an adequate award." (Emphasis added.) Id., 218. In *Santopietro*, we acknowledged the distinction that only a plaintiff may reject a remittitur, whereas either of "the parties" may reject an additur. Id. In order to accept the defendants' contention that "the parties" in § 52-228b should refer only to a defendant, we would have to conclude that the legislature made a mistake in drafting § 52-228b when it dictated that the singular "prevailing party" may reject a remittitur, whereas the plural "parties" may reject an additur. We are unwilling to conclude that the legislature unintentionally used the plural form and actually meant to permit only defendants the opportunity to reject an additur. See *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 29, 717 A.2d 77 (1998) ("[w]here words of a statute are clear we presume that they accurately reflect the legislature's intent"). Accordingly, we uphold our interpretation in *Santopietro*, that § 52-228b grants "the prevailing party" the right to reject a remittitur and "the parties," i.e., the plaintiff and the defendant, the right to reject an additur. *Santopietro* v. *New Haven*, supra, 218.

Our prior application of the statute supports this construction. In *Fazio* v. *Brown*, 209 Conn. 450, 454, 551 A.2d 1227 (1988), the plaintiff rejected the trial court's order of additur, and moved to set aside the verdict and receive a new trial limited to the issue of damages. The trial court granted the motion and ordered a new trial solely on the issue of damages. Id. The defendant raised two issues on appeal,[10] one of which was whether the Appellate Court properly had affirmed the trial court's order granting a new trial limited to the issue

---

[10] The first issue, which involved an abuse of discretion claim regarding the granting of the plaintiff's motion to set aside the verdict, is not relevant to the present discussion.

of damages after *the plaintiff* had rejected the additur and moved to set aside the verdict and receive a new trial. Id. This court concluded that the Appellate Court incorrectly had affirmed the order for a new trial solely on the issue of damages. Id., 458. We reversed the judgment of the Appellate Court and remanded the case "to that court to be remanded to the trial court with direction to afford the parties a new trial on all issues." Id. Implicit in our remand in *Fazio*, therefore, was our conclusion that a plaintiff properly may reject a court-ordered additur and move to set aside the verdict and receive a new trial on liability as well as damages. See *Jeffries* v. *Johnson*, 27 Conn. App. 471, 478, 607 A.2d 443 (1992) ("case is remanded to determine a reasonable additur, [and] to give *the parties* an opportunity to accept the additur" [emphasis added]).

The defendants also argue that an interpretation of § 52-228b that permits the plaintiff to reject an additur conflicts with §§ 52-228a and 52-216a.[11] As a result of

[11] General Statutes § 52-228a provides: "Appeal from order of remittitur or additur. In any jury case where the court orders a decrease in the amount of the judgment or an increase in the amount of the judgment, the party aggrieved by the order of remittitur or additur may appeal as in any civil action. The appeal shall be on the issue of damages only, and judgment shall enter upon the verdict of liability and damages after the issue of damages is decided."

General Statutes § 52-216a provides: "Reading of agreements or releases to jury prohibited. Adjustments for excessive and inadequate verdicts permitted. An agreement with any tortfeasor not to bring legal action or a release of a tortfeasor in any cause of action shall not be read to a jury or in any other way introduced in evidence by either party at any time during the trial of the cause of action against any other joint tortfeasors, nor shall any other agreement not to sue or release of claim among any plaintiffs or defendants in the action be read or in any other way introduced to a jury. If the court at the conclusion of the trial concludes that the verdict is excessive as a matter of law, it shall order a remittitur and, upon failure of the party so ordered to remit the amount ordered by the court, it shall set aside the verdict and order a new trial. If the court concludes that the verdict is inadequate as a matter of law, it shall order an additur, and upon failure of the party so ordered to add the amount ordered by the court, it shall set aside the verdict and order a new trial. This section shall not prohibit the introduction of such agreement or release in a trial to the court."

such conflict, the defendants contend that we should apply rules of statutory construction to determine which statute's meaning will control. We do not find any conflict between the statutes that would preclude an interpretation of § 52-228b to permit the plaintiff to reject an additur.

In examining statutes that potentially conflict, we have adhered to the principle that "[r]ather than adopt [a] reading of these statutory . . . provisions to create a genuine conflict that would result in a nullification of one by the other, as a reviewing court we should seek to harmonize the legislation so as to avoid conflict. . . . 'Where, as here, more than one [provision] is involved, we presume that the legislature intended them to be read together to create a harmonious body of law . . . and we construe the [provisions], if possible, to avoid conflict between them.' " (Citations omitted.) *Dodd* v. *Middlesex Mutual Assurance Co.*, 242 Conn. 375, 388, 698 A.2d 859 (1997); see *Shortt* v. *New Milford Police Dept.*, 212 Conn. 294, 301, 562 A.2d 7 (1989) ("[i]n ascertaining [legislative] intent, we deem the legislature to have intended to harmonize its enactment with existing common law and statutory requirements").

The defendants claim that construing § 52-228b to permit a plaintiff to reject an additur, move to set aside the verdict and have a new trial ordered would conflict with § 52-228a. Section 52-228a provides in relevant part that "[i]n any jury case where the court orders . . . an increase in the amount of the judgment, the party aggrieved by the order of . . . additur may appeal as in any civil action. . . ."

We begin by examining the legislative history of §§ 52-228a and 52-228b. Section 52-228b was enacted first, in 1965. Public Acts 1965, No. 532. Section 52-228a was amended to grant the right to appeal from an additur

in 1972. Public Acts 1972, No. 108, § 10.[12] We presume that in enacting § 52-228a, the legislature was aware of its recent enactment of § 52-228b providing "the parties" with the right to reject an additur, move to set aside the verdict and have a new trial ordered. It is well settled that "[t]he legislature is presumed to be aware and to have knowledge of all existing statutes and the effect which its own action or nonaction may have on them." *Windham First Taxing District* v. *Windham*, 208 Conn. 543, 554, 546 A.2d 226 (1988). Indeed, § 52-228b when it originally was enacted by Public Acts 1965, No. 532, was entitled: "An Act Concerning New Trials." We therefore conclude that the legislature provided the explicit right to appeal under § 52-228a not as a replacement for the § 52-228b right to reject the additur, but as an alternative recourse for the plaintiff.

The fact that a party *may* appeal, as § 52-228a provides, does not compel the conclusion that the legislature intended such an appeal to be the *only* recourse available to the plaintiff. To the contrary, we find support for the notion that the legislature sought to provide an aggrieved party with the option either to appeal the additur, or to reject the additur and move to have the verdict set aside and a new trial ordered. A plain reading of § 52-228a unquestionably grants a defendant the right to appeal the additur, and § 52-228b provides the defendant with the right to reject the additur. We are not persuaded that the legislature intended only the defendant to have the right to choose either option. Having reconciled § 52-228a with our interpretation of § 52-228b, we conclude that these statutes are not inconsistent with one another.[13]

---

[12] Public Acts 1972, No. 108, § 10, provides in relevant part: "Section 52-228a of the general statutes is repealed and the following is substituted in lieu thereof: In any jury case where the court orders a remittitur OR AN ADDITUR, the party aggrieved by the order of said remittitur OR ADDITUR may appeal as in any civil action. . . ."

[13] The defendants argue that when substantive and procedural statutes conflict, the substantive statute, which they identify as § 52-228a, would

We conclude that the defendants' argument regarding § 52-216a to be similarly unpersuasive. The defendants contend that because § 52-216a explicitly provides only for a defendant's right to reject a court-ordered additur, that statute is in conflict with a reading of § 52-228b permitting a plaintiff also to reject an additur. Section 52-216a provides in relevant part that "[i]f the court concludes that the verdict is inadequate as a matter of law, it shall order an additur, and upon failure of the party so ordered to add the amount ordered by the court, it shall set aside the verdict and order a new trial. . . ." We conclude that § 52-216a provides a directive to the trial court that if the defendant rejects the additur, the trial court must set aside the verdict and order a new trial, because the initial verdict was necessarily inadequate as a matter of law. Such a construction does not conflict with our interpretation of § 52-228b.

A determination of the legislative intent underlying § 52-216a begins our analysis. When first enacted by Public Acts 1976, No. 76-197, the statute referred only to remittiturs. The language concerning additurs was added by Public Acts 1982, No. 82-406, § 3. Public Act 82-406 was enacted to solve the perceived problem that "[r]ight now in Connecticut, whether a verdict is set aside by the court or whether a remittitur is added, or whether there's an additur is in the discretion of the court. . . . [This amendment] would take the discretion out, and [the judge] would have to find as a matter of law that the verdict was out of balance one way or the other." 25 H.R. Proc., Pt. 19, 1982 Sess., p. 6178, remarks of Representative Alfred Onorato. It is not clear from the legislative history why this language, requiring that a verdict be deemed inadequate as a matter of law

---

preempt the procedural statute, which they identify as § 52-228b. Because we do not find a conflict to exist between the two statutes, however, we need not address this claim.

before an additur can be ordered, was placed in § 52-216a in the midst of a statute concerning the disclosure of agreements or releases to the jury.[14] Nevertheless, what is certain from the legislative history of § 52-216a is that the purpose of enacting Public Act 82-406 was to clarify that the courts cannot order an additur unless the verdict is inadequate *as a matter of law*. It follows logically from this provision that if the defendant rejects an additur, the trial court *must* set aside the verdict and order a new trial because, by definition, the jury's initial verdict had to have been inadequate as a matter of law to prompt an order of additur. We conclude that the limited purpose of the provision concerning additur in § 52-216a is to require that if a court-ordered additur is rejected by a defendant, the court must set aside the jury verdict and order a new trial.

In contrast to § 52-216a, § 52-228b does not address the conditions precedent that *require* the trial court to order that a verdict be set aside. Rather, it discusses what a court must do *before* it may consider setting aside the verdict. Section 52-228b provides in relevant part that "[n]o . . . verdict may be set aside solely on the ground that the damages are inadequate *until* the parties have first been given an opportunity to accept an addition to the verdict of such amount as the court deems reasonable." (Emphasis added.) The purpose of § 52-228b is to ensure that if a trial court determines that an award is inadequate as a matter of law, before setting aside the verdict and ordering a new trial, that court must first offer an additur to "the parties," i.e.,

---

[14] We previously have reviewed the language of § 52-216a and determined the overall legislative intent underlying the statute. "[T]he evil intended to be avoided by [the statute's] passage was the jury's knowledge of the existence of any release or claim or agreement not to sue because such knowledge might tend to be prejudicial to a party to the action." (Internal quotation marks omitted.) *Donner* v. *Kearse*, 234 Conn. 660, 676, 662 A.2d 1269 (1995). Our discussion of Public Act 82-406 in relation to § 52-228b should not be read to alter that interpretation.

the plaintiff and the defendant. This offer provides the opportunity to remedy the inadequate verdict in a way that is acceptable to both parties, without the expense of another trial. There is no irreconcilable conflict between § 52-228b and § 52-216a mandating that one be accepted and the other abandoned. Rather, the two statutes complement each other and perform different functions in the overall statutory scheme concerning the resolution of inadequate verdicts through an order of additur.

The judgment is affirmed.

In this opinion the other justices concurred.