[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON THE PLAINTIFF'S MOTION FOR ADDITUR AND MOTION TO SET ASIDE VERDICT
For the following reasons and pursuant to General Statutes Section52-228b and Practice Book Section 16-35, the motion for additur, filed by the plaintiff Jerome Baron is hereby granted. This case involves an automobile accident wherein an automobile operated by the defendant, Ana Guzman, collided into the rear of a vehicle operated by the plaintiff The case was tried to a jury. After the close of evidence, the court granted the plaintiffs motion for a directed verdict on the issue of liability, the defendant offering no special defenses or witnesses.
The plaintiff offered medical evidence that he had suffered a 12-15% partial permanent disability to his left shoulder, a 15% partial permanent disability to his lumbosacral spine and a 3-5% partial permanent disability to his cervical spine. In support of his claim for economic damages, the plaintiff offered medical bills totaling $26,235.31. Approximately $4,354 of this claim was related to surgery the defendant had on his left shoulder. The plaintiff also had been scheduled for a knee operation. The evidence indicated that this knee operation was cancelled for medical reasons. The evidence also indicated that this surgery was medically necessary and would be rescheduled. According to the expert medical opinion, the knee operation would cost between $10,000 and $12,000. The jury rendered a verdict awarding $10,500 in non-economic damages and $4,705 in economic damages, for a total award of $15,205.
The law is well established that the jury is charged with determining what medical services were needed as a result of the defendant's negligence and whether the amount or value of the services was reasonable. The parties have a constitutional right to a jury's determination of these issues and the court cannot simply substitute its discretion for that of the jury. Nevertheless, even viewing the evidence CT Page 6767 in the light most favorable to the defendant, the court finds that the jury's award of $4,705 in economic damages is plainly inadequate as a matter of law. The verdict is contrary to the uncontroverted weight of the evidence, shocks the sense of justice and compels the conclusion that the jury's verdict was influenced by error or mistake.
The court finds that based on the evidence, the jury's award of $4,705 in economic damages cannot be explained in any reasonable manner. Particularly in light of the shoulder surgery costing about $4,354 and the knee surgery costing between $10,000 and $12,000, there is no rational way that this award may be regarded as being within any reasonable estimate of fair and just compensation.
The defendant, primarily through cross-examination, raised issues concerning the plaintiffs past treatment for neck and shoulder pain, but even this evidence was unrelated to the shoulder and knee surgeries. The defendant also contends that the plaintiff should suffer the result of an inadequate verdict because he chose a trial rather than accepting a settlement of the maximum amount of the insurance available to the defendant. This argument is both immaterial and inappropriate. Settlement discussions are simply irrelevant to the court's consideration of the adequacy of a jury verdict. The plaintiff is entitled to a fair, just and reasonable damage award irrespective of the parties' settlement positions.
Therefore, the court grants the motion for additur and issues an order awarding to the plaintiff and against the defendant, $10,500 for non-economic damages and $20,000 for economic damages. This additur to the economic damage award takes into consideration the jury's finding that the total amount of the claim was not sustainable, but awards an amount which is at least "within the necessarily uncertain limits of fair and just damages." Wood v. Bridgeport, 216 Conn. 604, 611 (1990). A total award of $30,500 represents a fair appraisal of just damages based on the evidence. See Brower v. Perkins, 135 Conn. 675, 682 (1949). Within 20 days either party may reject the additur and either move to set aside the verdict and acquire a new trial or file a notice of appeal as authorized by law. See Stern v. Allied Van Lines, Inc., 246 Conn. 170 (1998). The pending motion to set aside the verdict filed by the plaintiff is denied without prejudice.
So ordered this 24th day of May 2002.
 ___________________ STEVENS, J.
CT Page 6768