[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON THE PLAINTIFF'S MOTION FOR ADDITUR AND MOTION TO SET ASIDE VERDICT
CT Page 6832
Pending before the court is the plaintiff, Audrey Taylor's motion for additur and motion to set aside the jury verdict. The defendant, Khanh Ton, has not filed an objection or response to these motions. For the following reasons and pursuant to General Statutes Section 52-228b and Practice Book Section 16-35, the motion for additur is hereby granted.
This case involves an automobile accident wherein an automobile operated by the defendant, Khanh Ton, collided into the rear of a vehicle operated by the plaintiff The defendant stipulated to liability and the case was tried to the jury on the issue of damages. The plaintiff testified and offered documentary evidence. The plaintiff offered medical evidence that she had suffered a 6% partial permanent disability to her lumbosacral spine. In support of her claim for economic damages, the plaintiff offered medical bills totaling $2,884.95. The defendant did not offer any evidence. The jury rendered a verdict awarding $2,884.95 for economic damages and nothing for non-economic damages.
The key consideration in evaluating the pending motions is the uncontroverted evidence concerning the impact of the collision, the extent of
[errata page]
the damage to the vehicles, and the plaintiffs testimony concerning her associated pains both at the scene and afterwards. For example, the evidence established that: the impact of the vehicles' collision propelled the plaintiffs vehicle from the road, forcing it to collide into a tree; the impact caused her face to hit the steering wheel, which in turn caused her to to bleed from her nose and mouth; and she was taken by ambulance from the scene of the accident to the hospital for treatment of her injuries. The evidence also established that there was very extensive damage to her vehicle. As previously stated, the defendant admitted that the accident was caused by his negligence, and the defendant did not offer any evidence disputing the nature or extent of the collision or the extensive damage to the plaintiffs station wagon caused by the collision.
Viewing the evidence in the light most favorable to the defendant, the court finds that the jury's award of $2,884.95, the full claim for economic damages, with no award of non-economic damages is plainly inadequate as a matter of law. The verdict cannot be reconciled with the uncontroverted weight of the evidence. The jury's verdict compels the conclusion that either the jury was influenced by prejudice or mistake, CT Page 6833 or the jury simply chose to disregard the court's instructions concerning non-economic damages.
No reasonable group of six could rationally find without error or mistake that no compensable pain whatsoever was experienced as a result of a collision of the magnitude as established by the uncontroverted evidence, coupled with a finding that the plaintiff is entitled to recover all the medical expenses sought by her for economic damages. There may be issues concerning the extent of the injuries, but a finding that there was no compensable pain at all defies all reason and logic. An acceptance of this result by the court would constitute a travesty of justice. See generally, Schroeder, et al. v. Triangulum Associates, etal., 259 Conn. 325 (2002).
Therefore, the court wants the motion for additur and issues an order awarding to the plaintiff and against the defendant, $15,000 for noneconomic damages and $2,884.95 for economic damages. A total award of $17,884.95 represents a fair appraisal of just damages based on the evidence. See Brower v. Perkins, 135 Conn. 675, 682 (1949). Within 20 days either party may reject the additur and either move to set aside the verdict and acquire a new trial or file a notice of appeal as authorized by law. See Stem v. Allied Van Lines, Inc., 246 Conn. 170 (1998). The pending motion to set aside the verdict filed by the plaintiff is denied without prejudice. So ordered this 30th day of May 2002.
 ___________________ STEVENS, J.